ALEXANDER ROBINSON, APPELLEE, V. PRENTISS D. CHENEY, APPELLANT.

1. **Contract for Sale of Real Estate.** Instrument construed, and *Held*, To be a contract of sale and not a lease.

2. ——: SIGNED BY VENDOR ALONE. An agreement for the sale of real estate signed by the vendor alone is valid.

3. ——: DEFAULT OF PURCHASER: FORFEITURE. In 1880 certain real estate was sold on time, twenty negotiable notes payable at a particular bank being given by the purchaser, all to be paid within ten years from date. Time was declared in the contract to be an essential element, and on the failure of the purchaser to perform a forfeiture should ensue. In November, 1882, the purchaser did not pay the taxes until five days after the land had been sold to the defendant for taxes, when the purchaser redeemed the same. The notes due in 1883 were not sent to the bank named for collection, and three days after they were due the purchaser paid the amount thereof to the bank. In June, 1884, the vendor returned the unpaid notes to the purchaser and declared the contract forfeited. *Held*, That the alleged forfeiture dated from that time, and the purchaser not then being in default it was unavailing.

4. **Payment:** PLACE OF PAYMENT. When a bank is designated as the place at which a purchase money note is to be paid, the maker is not in default in not paying the same until the note is received at the bank.

APPEAL from Johnson county. Heard below before BROADY, J.

*L. W. Colby,* for appellant.

*B. F. Perkins* and *S. P. Davidson,* for appellee.

MAXWELL, J.

This is an action to enforce specific performance of a contract for the sale of the S. ½ of the S. E. ¼ and the S. E. ¼ of the S. W. ¼ of Sec. 13, and the N. E. ¼ of the N.

43

E. ¼ of Sec. 24, in T. 4 N., R. 9 E., in Johnson county. The contract of sale is somewhat peculiar, and is as follows:

This indenture, made this twenty-seventh day of August, in the year of our Lord one thousand eight hundred and eighty, between Prentiss D. Cheney of Jersey county, Illinois, party of the first part, and Alexander Robinson, of Johnson county, Nebraska, party of the second part, witnesseth, that in consideration of the stipulations herein contained and the payments to be made as herein specified, the first party doth by these presents demise and let to the second party the possession and use of the land herein mentioned, and also contracts, bargains, and agrees to sell to the said second party said premises, situate and being in the county of Johnson, in the state of Nebraska, known and described as follows, to-wit: The south half of the south-east quarter, the south-east quarter of the south-west quarter of section No. twenty-four (24), all in township No. four (4) north, range No. nine east of the sixth principal meridian. The sum agreed upon for the possession, use, occupany, and control of said land is $100 yearly, which is represented and included in the notes executed by said second party, described herein, and also the whole amount of the taxes that are or may be assessed against said land. The purchase price of said land is eleven hundred and twenty dollars, of which payment has been made of one hundred and twenty dollars at the execution of the contract. The balance is to be paid without notice or demand thereof in ten annual payments at the times specified in twenty certain promissory notes of even date herewith, signed by Alexander Robinson, payable to the order of P. D. Cheney, one note being for one hundred dollars due one year after date. One note for one hundred dollars, due two years after date. One note being for one hundred dollars, due three years after date, and seven other notes for $100, each due respectively in 4, 5, 6, 7, 8, 9, 10 years after date.

Which ten are the principal notes, the other ten notes being for the yearly interest, viz.: first note $60, second note $54, third note $48, fourth note $42, fifth note $36, sixth note $30, seventh note $24, eighth note $18, ninth note $12, tenth note $6, due consecutively in one, two, three, four, five, six, seven, eight, nine, and ten years after date, all payable at the office of Russell & Holmes, Tecumseh, Neb., without interest before due, and with ten per cent per annum after maturity.

And the said second party, in consideration of the premises, hereby agrees to make punctual payment of the above sums of principal and interest as each of the same respectively becomes due, and will also regularly and severally pay all the taxes and assessments against said land.

Said Alexander Robinson agrees within one year to build a house, and improve and cultivate the within described land. The crops now growing on said land are reserved to the said P. D. Cheney.

Robinson is to have possession at end of term of tenant in possession.

Robinson is to assume immediate control of the land, subject to the present tenant's rights.

Cheney is to pay tax of 1880 and all former years.

Robinson is to pay tax of 1881 and all after years.

In case the second party, his legal representatives or assigns, shall pay the several sums of money aforesaid punctually, and at the times above limited, and shall strictly perform all and singular the agreement and stipulations aforesaid after their true tenor and intent, then the said first party covenant and agree to make and execute unto the said second party, his heirs or assigns (upon request and surrender of the contract), a deed, conveying said land in fee simple, with the ordinary covenants of warranty, reserving and excepting the right of way that may be demanded for public use for railways or common roads; and it is hereby agreed and covenanted by the par-

ties hereto, that time and punctuality are material and essential ingredients in this contract.

And in case the second party shall fail to pay the taxes, or if the land shall be sold for taxes, or if said second party shall fail to make the payments of money for principal or interest, or to make improvements as herein agreed, upon the terms and at the times herein limited, and to perform and complete all and each of the payments, agreements, and stipulations herein mentioned, strictly and literally, without any failure or default, then this contract, so far as it may bind said first party shall become null and void, and all the rights and interest hereby created, or then existing, in favor of the said second party, or derived from him, shall utterly cease and determine, and the right of possession, and equitable and legal interest in the premises hereby contracted, shall revert to and revest in said first party, without any declaration of forfeiture or any act of re-entry, or any other act of said first party to be performed, and without any right of said second party of reclamation or compensation for moneys paid or services performed. And in case of the forfeiture or annulling of this contract, the said second party shall still be bound and liable to pay all taxes then due or assessed against said land; also, all installments of principal or interest that may then be due on this contract, to be regarded and considered as rent for the use of said land; also, no fixtures or improvements, temporary or permanent, shall be removed from said land.

And the said first party shall have the right, immediately upon the failure of the second party to comply with the stipulations herein, to enter upon the land aforesaid and take immediate possession thereof, together with all the fixtures, privileges, and appurtenances thereon, or in any wise thereunto belonging or appertaining. And the said second party hereby covenants and agrees to surrender unto the said first party, or his order or his assigns, the

said land and appurtenances without delay or hindrance, and no court shall relieve the said second party from a failure to comply strictly and literally with this contract.

It is further agreed and understood that whenever one-half of the purchase price mentioned shall be paid with all accrued interest and taxes the said first party shall execute the deed as herein contracted for and take notes and a mortgage for the remaining payments which shall run the unexpired time as herein fixed.

No modification or change of this contract can be made except by entry hereon in writing signed by both parties. An oversight or omission of the first party to take notice of any default of the second party shall not be deemed a waiver of their right so to do at any time.

And it is further stipulated that no assignment of the premises, or of this contract shall be valid unless with the written consent of said first party, and by endorsement of the assignment hereon.

Time is hereby declared by the parties hereto to be the essence of this contract, and a failure on the part of the second party to make the payments mentioned, to do and perform all the covenants, to comply with all the agreements herein expressed and by him agreed to be performed strictly according to the terms, boundaries, and limits of time herein mentioned, or either or any of them fully and completely, shall immediately work a forfeiture of all the rights and interests and claims of the said party of the second part in and to the land herein mentioned, and every part thereof together with all the crops thereon, and in case of forfeiture the said second party binds himself and representatives to give up immediate possession of all said tract of land whenever a demand is made therefor by the said party of the first part or their legal representatives.

And upon the non-performance of the covenants herein mentioned, or a failure to make the payments as herein specified, or any of them at the time promised, all the rights

and privileges provided in the contract giving to said second party the right to purchase the land mentioned shall immediately terminate, and thereafter his rights hereunder shall be the rights of a tenant, and he shall hold the land under this contract as a lease, and he shall be liable and subject as a tenant under the statute regulating the relations between landlord and tenant, and the first party may enforce the provisions of this contract and also recover possession of the land with all the fixtures, privileges, crops, and appurtenances thereon as if the same was held by forcible detainer.

In testimony whereof the said party of the first part has signed these presents in duplicate, and the second party has hereunto set his signature the day of the date hereof.

In presence of }
GEO. R. JAGUES, }                    P. D. CHENEY.

The plaintiff alleges that the lease terminated in 1880, and that thereupon he entered into possession of the premises, and has fully performed all the conditions of the contract on his part to be performed. He also alleges that he erected a house on said premises, set out trees, erected out-buildings, broke up land, and made other improvements thereon of the value of $1,000. The answer of the defendant is a general denial. On the trial of the cause the court found the issues in favor of the plaintiff "except that there has been no tender kept good by the plaintiff but an offer to perform instead, except as to one hundred and forty-eight dollars due August 28th, 1883, which the court finds was duly tendered, and that the tender thereof has been kept good, and that defendant on parting with his title is entitled to one thousand and nineteen and $\frac{93}{100}$ dollars, of which amount two hundred and ninety-four and $\frac{13}{100}$ dollars are due under the terms of this contract, and the court further finds that each party should pay his own costs herein made." The plaintiff thereupon tendered to the defendant the sum of $294.13, which not being received was

paid to the clerk of the court for the defendant's use. This sum seems to have been the amount found due with previous payments on one-half of the purchase price. The court also required the plaintiff to pay to the clerk of the court for the defendant the further sum of $725.80 within 90 days from the date of the decree, and upon his failure to do so the action be dismissed. The defendant appeals.

The first point made by the appellant is, that the contract is merely a lease with a privilege to purchase. It is said there is no agreement on the part of Robinson to purchase. But this is not necessary. All that the statute requires is, that the party by whom the sale is made shall sign the contract. Comp. St., Ch. 32., § 5. *Ballard v. Walker*, 3 Johns. Cas., 60. *Clason v. Bailey*, 14 Johns., 484. *McCrea v. Purmot*, 16 Wend., 460. *Worral v. Munn*, 1 Selden, 229. *Fenley v. Stewart*, 5 Sand., 101. *Lester v. Jewett*, 12 Barb., 502. It was unnecessary, therefore, for the plaintiff to sign the contract. While there are terms used in the instrument that would imply a lease, yet when the whole instrument is construed together, it was clearly intended as a sale and not as a lease. The first objection, therefore, is untenable.

2d. That the plaintiff failed to perform the terms of his agreement. The failure to perform is alleged to be— 1st, not paying the taxes' due on the land for 1881; and 2d, to pay two notes for $148, due August 27th, 1883. The testimony upon these points tends to show the following facts:

On the 8th day of November, 1881, the land in question was sold to Cheney for the taxes due thereon for 1881. Five days afterwards the plaintiff redeemed the land. Mr. Cheney testifies that he has not received the money, but evidently it is his own fault as the money was in the hands of the county treasurer. No notice was given to the plaintiff claiming a forfeiture, nor were his notes returned; and for the reasons stated hereafter, we think there was a

waiver of the condition.    That the plaintiff failed to pay
the two notes amounting to $148, due Aug. 27th, 1883,
which were not paid till Sept. 3d, 1883.    These are the
two particulars wherein it is claimed the plaintiff failed to
comply with his contract.

It will be observed that all the notes are " payable at the
office of Russell & Holmes, Tecumseh, Neb." These gen-
tlemen are bankers at that place.    Mr. Holmes testifies
that the notes in question were *never* sent to their office,
and consequently had the money been tendered at the day
the notes could not have been delivered to the maker
when paid.    The terms of the contract by implication re-
quire the notes to be at the place of payment for the pur-
pose of being delivered up.    Otherwise the payee might
transfer them before due, and being negotiable, the holder
would acquire a valid title, while the maker's liability
would continue.    The notes previously due had all been
sent there; and, as the record shows, all paid a few days
after due, and the money accepted by the defendant.    Until
the notes were sent to Russell & Holmes the plaintiff was
not required to pay the same, and the failure to so send
them is a waiver of the condition.    The plaintiff offered
testimony, which was excluded, to the effect that his failure
to pay at the day was in consequence of the sickness of
his wife, and his consequent inability to leave home, as
he resided some 15 miles from Tecumseh.    This testimony
would have been proper, not as a justification, but to show
that the default was not willful.    On the 17th of June,
1884, the defendant returned to the plaintiff his unpaid
notes.    At this point he seems to have been desirous to
terminate the contract, and this was the means that he
deemed essential to effect that purpose—the construction
which he placed upon the contract.    At that time all
payments had been made, and the plaintiff was not in de-
fault.    The contract, therefore, remains in full force.    A
court of equity will not declare a forfeiture unless com-

pelled to do so. It violates every principle of justice to take the property of one man and give it to another without compensation upon a simple failure to pay at the day, when there had not been gross laches. While in particular cases such forfeitures are sustained, yet they will be denied in all cases where the vendor has directly or indirectly waived the condition on which they depend. A forfeiture, being in the nature of a penalty, will not be implied, but must be clearly established. It is very clear that justice has been done. The defendant is to receive the entire purchase money, with interest—all to which he has any equitable claim; while the plaintiff is enabled to preserve his home—a shelter and support for himself and family. In the discussion of the case, the cases where time is the essence of the contract have not been considered, as the question does not arise. The judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.