### WALTER BOONE v. JOHN C. DRAKE.

*Vendor and Vendee—Abandonment of Equity—Summary Eject-*
*ment—Justice's Jurisdiction—Landlord and Tenant.*

That the vendee, in a contract for the sale of land, remained silent, when the contract was mutilated under the directions of the vendor, is not sufficient evidence of an abandonment of his rights under the contract, nor is it sufficient evidence of a change of the relations from vendor and vendee to landlord and tenant, to give a Justice of the Peace jurisdiction of an action to summarily eject the defendant vendee.

This was a summary proceeding to eject defendant, brought before a Justice of the Peace, and tried on appeal at the

Spring Term, 1891, of the Superior Court of NORTHAMPTON County, before *Connor, J.*

The defendant failed to appear before the Justice of the Peace, but appealed and filed, by leave of the Court, his answer in the Superior Court.

There was evidence on the part of the plaintiff tending to show that in January, 1889, there was an oral agreement between the plaintiff and defendant for the sale of the land in controversy to the defendant for $4,500, cash; that defendant moved some of his goods on the place; that early in February, 1889, he came to plaintiff and told him he was unable to raise the money, and the contract was rescinded, and defendant agreed to rent for 1889, and that one Everett should fix the amount of rent, which he afterwards did at $600; that defendant then moved his family upon the land and raised a crop on it in 1889. That in October, 1889, a written contract was entered into between the plaintiff and one Jenkins, under the firm name of Boone & Jenkins, and defendant, as follows:

"We have sold to Mr. J. C. Drake the J. W. Hill farm for five thousand dollars, with interest at the rate of eight per cent. from 1st day of January, 1889. He is to pay us fourteen hundred dollars, if possible, by the 1st day of January, 1890, and if he fails to raise this amount by the shipment of three hundred bags of peanuts, then he is to pay us twelve hundred dollars and execute a note for two hundred dollars. After making this payment of twelve or fourteen hundred dollars, then Mr. J. C. Drake is to execute his four notes at one, two, three and four years for one thousand dollars each, with interest at the rate of eight (8) per cent.

October 17th, 1889.

BOONE & JENKINS."

Witness: J. E. EVERETT.

Nothing was ever paid under said contract, nor any condition thereof performed by Drake. About the 1st of Decem-

ber, 1889, Drake expressed his inability to carry out said
written contract and his dissatisfaction therewith, and the
same was cancelled and a new parol contract was then entered
into by which Drake agreed to pay $5,000 for the land, of
which he should pay $1,400 cash by the 20th of December,
1889, and to execute his notes at one and two years for the
residue, with interest from date; that in case he failed to
make the cash payment by said 20th of December, 1889, then
the contract should be at an end; that the 20th December
was fixed upon in order to enable the plaintiff to get a tenant
if Drake failed to comply; that nothing was ever paid by
Drake, nor notes executed.

The defendant Drake, on the other hand, denied that the
written contract was cancelled, but admitted that its terms
were changed as above set out.   It appeared to the Court by
the record that at the time of the trial there was pending in
this Court an action brought by the said Drake against the
said Boone & Jenkins to compel specific performance of the
said contract of October 17th, 1889, the summons in which
was issued on the 16th day of January, 1890, and served on
the 18th day of January, 1890.

Plaintiff testified to the mutilation of the original contract
which had been deposited with Everett for safe keeping, and
the paper was produced with the names torn or cut through,
Everett stating that Boone so directed him and Drake saying
nothing.

There was evidence tending to show that Drake, about the
30th of December, 1889, offered to comply with the said
written contract.

At the close of the evidence the defendant's counsel moved
to dismiss for want of jurisdiction.

His Honor, being of opinion that the Justice was not com-
petent to try the question of surrender and cancellation of
the contract, allowed the motion and dismissed the action.

Appeal by plaintiff.

109 — 6

*Mr. R. O. Burton, Jr.,* for plaintiff.
*Mr. B. B. Winborne* (by brief), for defendant.

AVERY, J.—after stating the facts: The testimony was conflicting upon the question whether the defendant agreed to abandon his rights acquired under the contract of October 17th, 1889. The witness, who seems to have had·the custody of the writing, testifies that he mutilated it by direction of Boone, the defendant saying nothing — neither objecting, nor consenting. That paper constituted Drake a vendee, and, if, according to his contention, he did not surrender it and all rights secured to him under it, so as to constitute an abandonment, there is no admitted phase of the facts in which the relation of vendor and vendee can be held to have ceased, and that of landlord and tenant to have begun. Acts relied upon as constituting an abandonment must be "positive, unequivocal, and inconsistent with the contract." *Faw* v. *Whittington,* 72 N. C., 324; *Miller* v. *Pierce,* 104 N. C., 389. The fact, if established, that the defendant remained silent when the witness Everett, under the direction of the plaintiff, mutilated the contract, is not necessarily inconsistent with the claim of an equity under it, much less a positive and affirmative surrender of his interest acquired under it. *White* v. *Butcher,* 6 Jones Eq., 231. It is familiar learning that, in equity, time is not of the essence of the contract, and notwithstanding the default in paying the purchase-money, the vendee, if he had not formally or unequivocally abandoned his rights, was the owner in equity, the vendor holding the legal title merely as security for the purchase-money. *Scarlett* v. *Hunter,* 3 Jones Eq., 84; *Faw* v. *Whittington, supra; Falls* v. *Carpenter,* 1 Dev. & Bat. Eq., 237.

The defendant Drake denies the allegation that he expressed dissatisfaction with the contract or asked that it be amended, but insists that the parties entered into a parol agreement merely for the modification of its terms. To

maintain his claim he had brought his suit for specific performance, and it was then pending in the Superior Court.

If, in any view of the testimony, the relation subsisting between the plaintiff and defendant was, when the action began, that of vendor and vendee, and not that of lessor and lessee, there was such a controversy as to the title as would oust the jurisdiction of the Justice of the Peace. The Superior Court, in the exercise of its powers as a Court of Equity, has the exclusive right to adjust the equities growing out of a contract of purchase if it is still subsisting. *Parker* v. *Allen*, 84 N. C., 466; *Hughes* v. *Mason*, 84 N. C., 472. The issue raised by the evidence is, whether the defendant abandoned the contract of purchase. Of that question a Court of Equity formerly had exclusive jurisdiction, and now, the material facts being in dispute, must be passed upon by a jury in the Superior Court. There is a controversy about the title, bringing the case clearly within the provisions of sub-section (2), § 834 of *The Code*. The action was properly dismissed.

Affirmed.