## C. E. CUE *et ux.* V. L. G. JOHNSON.
### No. 14,417.    (85 Pac. 598.)
#### SYLLABUS BY THE COURT.

1. CONTRACTS—*Time of the Essence—Forfeiture.* Courts abhor forfeitures, and will resort to any reasonable rule of construction to avoid them. But when in a contract for the sale of real estate it is stipulated that time shall be of the essence of the agreement, and a forfeiture upon default is provided for, such contract will be upheld and enforced, unless under the circumstances shown it would be grossly inequitable.

2. —————— *Right to Forfeit Must be Promptly Asserted—Waiver.* When the right to declare a forfeiture under such a contract exists the party entitled thereto must assert his right promptly, and his acts relating thereto must be unequivocal, and inconsistent with the continuance of the contract, or he will be held to have waived such right.

Error from Trego district court; JAMES H. REEDER, judge. Opinion filed May 12, 1906. Reversed.

*W. E. Saum,* for plaintiffs in error.
*J. J. Schenck,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This suit was brought in the district court of Trego county to cancel a contract for the sale of real estate which the plaintiff had executed to the defendants, who had made default in payments due thereon.

Cue v. Johnson.

The contract sought to be canceled was executed June 13, 1903. By it the grantor agreed to convey 320 acres of land, upon payment by the grantees of $4505.10, as stipulated. Payment was to be made in instalments. Time was by express terms made of the essence of the contract. Under a prior agreement of sale the grantees had been in possession of the land one year, and had paid to the grantor $500. The balance remaining due on the sale of the land at the date of the contract sought herein to be canceled was the aggregate sum therein stated, $4505.10. Of this amount the grantees had paid $822.03. On May 1, 1904, an instalment of $133 became due; it was not paid; the grantor declared the contract at an end and demanded possession of the land, which being refused he brought this suit. Upon a trial a decree was granted in favor of the plaintiff, and the defendants now ask that such decree be reversed.

By the terms of this decree the grantor retains $1322.03 paid on the purchase-price, and also recovers the possession of the land. The grantees have been in possession two years. Upon these facts the plaintiffs in error claim: (1) That the defendant in error is not entitled to a forfeiture, and (2) if he was entitled thereto, it has been waived.

This court, in the case of *National Land Co. v. Perry,* 23 Kan. 140, held that where parties to a contract for the sale of real estate make time of the essence of the contract a forfeiture will be upheld as stipulated, unless under the circumstances of the case it would be grossly inequitable. At the same time courts do not favor, but on the contrary they abhor, forfeitures, and will resort to very liberal rules of construction to avoid them. (*English v. Williamson,* 34 Kan. 212, 216, 8 Pac. 214; *Hartley v. Costa,* 40 Kan. 552, 559, 20 Pac. 208; *Ritchie v. K. N. & D. Rly. Co.,* 55 Kan. 36, 39 Pac. 718; *Forest City Ins. Co. v. Hardesty,* 182 Ill. 39, 55 N. E. 139, 74 Am. St. Rep. 161; *Grigg v. Landis,* 21

N. J. Eq. 494; *Robinson v. Cheney*, 17 Neb. 673, 24 N. W. 378.) In the case last cited, in speaking of a contract where time was made of the essence of the agreement, and provision was made for a forfeiture in case of default, the court said:

"A court of equity will not declare a forfeiture unless compelled to do so. It violates every principle of justice to take the property of one man and give it to another without compensation upon a simple failure to pay at the, day, where there had not been gross laches." (Page 680.)

It seems to be a well-established rule in such cases that the party claiming the benefit of a forfeiture must show himself to be strictly within the terms of the instrument which confers that right. He must act promptly in asserting his claim, and his acts relating thereto must be positive, unequivocal, and inconsistent with the continuance of the contract. (*Faw et al. v. Whittington*, 72 N. C. 321; 29 A. & E. Encycl. of L. 677, 681; *Boone v. Drake*, 109 N. C. 79, 13 S. E. 724; *Hipwell v. Knight*, 1 Y. & C. Ex. [Eng.] 401.) In the case last cited Baron Alderson said:

"The result of the cases on this subject seems undoubtedly to be that. slight circumstances are sufficient in a court of equity to prevent a party from taking the benefit of such a stipulation; and that whenever a party has done any act inconsistent with the supposition that he continues to hold his opponent strictly to this part of his agreement, he is to be taken to have waived it altogether." (Page 418.)

In addition to the facts before stated it appears that all payments had been made according to the contract prior to May 1, 1904. At that time interest to the amount of $133 became due. A short time before that date—on April 28 or 29—defendant C. E. Cue informed the plaintiff that he would be unable to pay promptly, asked for further time, and offered additional security for the delay. The plaintiff declined, stating that he needed and wanted the money when due.

On Monday, May 2, Cue saw the plaintiff and again reported his inability to pay. They talked over the situation; plaintiff claimed that by the failure to pay the contract was forfeited, and Cue admitted such to be the case. The plaintiff stated to Cue that he wanted the money or the property. Cue then said he thought he could raise the money by Thursday or Friday of that week, and would be back Saturday with the money or the papers. At this time the plaintiff did not expressly consent to any further time, but he then intended to wait until Saturday and take the money if it should be offered at that time. Cue failed to come back on Saturday, and on the following Monday (May 9) the plaintiff went to the home of the defendants, who resided on the land in controversy. Upon arrival he said to the defendant C. E. Cue: "You did not come down Saturday as you agreed." Cue replied: "No; I changed my mind." Plaintiff then demanded possession of the land.

This suit was commenced May 14, 1904. On May 24 plaintiff filed an amended petition, in which for the first time he tendered back the unpaid notes given for the land; the defendants tendered the full amount then due to the plaintiff, which was refused, and the amount was deposited with the clerk, where it has since remained, for the plaintiff. During the trial, in October, 1904, the defendants tendered the further sum of $530, to apply upon the $614.54 which would become due November 1, 1904, and offered in open court to let judgment go against them at that time if the remainder of the amount which would then become due were not paid. The offer was refused.

We find that the plaintiff by his conduct at and about May 2, 1904, when the forfeiture is claimed to have occurred, waived his right thereto. When Cue informed the plaintiff that he was unable to pay and wanted more time, stating that he thought he could possibly raise the money by Thursday or Friday, and

if he could would return with it on Saturday, the plaintiff, if then determined to insist upon the forfeiture, ought to have said so in positive and unequivocal terms. He ought to have informed Cue that he need not make any effort to raise money, as the time had passed and the money would not be received on Saturday if tendered. On the contrary, he carefully refrained from giving express consent to further time; but in his own mind did consent, and decided to wait until Saturday and then take the money if offered, and if not to take back the unexpressed consent and waiver formed in his own mind and insist upon the forfeiture. He permitted Cue to engage in another effort to raise the money in the belief that, if secured, the plaintiff would accept it. This attempt to hold on to the forfeiture, while at the same time seeming to waive it, does not show such candor and fairness as the circumstances demanded. He ought to be held to this waiver.

This makes it unnecessary to consider the question whether the amount paid by the defendant was so great as to make a forfeiture grossly inequitable or not. It is apparent, however, that the defendants are ready, able and willing to carry out their contract, and it would be a loss and hardship to them if deprived of the opportunity.

The judgment of the lower court is reversed, with direction to enter judgment for the defendants for costs.

All the Justices concurring.