## WOODARD v. SPECK, Adm'r:

No. 16323—Opinion Filed April 6, 1926.

### 1. Ejectment—Defenses Under General Denial.

Any defense, legal or equitable, can be shown in an ejectment action, and may be even so shown under a simple general denial.

### 2. Vendor and Purchaser—Breach of Contract—Waiver of Forfeiture.

Where there has been a breach of a contract of sale of land sufficient to cause a forfeiture, and the party entitled thereto either expressly or by his conduct waives the forfeiture, or acquiesces in the breach, he will be precluded from enforcing the forfeiture.

(Syllabus by Williams, C.)

Commissioners' Opinion, Division No 2.

Error from District Court. Washington County; H. C. Farrell, Judge.

Action by Howard E. Speck, administrator of the estate of William Speck, deceased, against Fred B. Woodard in ejectment. Judgment for plaintiff, and defendant appeals. Reversed and remanded with directions.

W. A. Chase and Rainey & Flynn, for plaintiff in error.

Ross J. Heaton, for defendant in error.

Opinion by WILLIAMS, C. This action was begun in the district court of Washington county by Howard E. Speck, administrator of the estate of William Speck, deceased, defendant in error, plaintiff below, against Fred B. Woodard, plaintiff in error, defendant below, to recover possession of lots numbered 1 to 24, inclusive, in block 178, in Norwood section of the city of Dewey, Okla. The parties will be referred to as they appeared in the trial court.

On the 27th day of May, 1920, William Speck, deceased, and the defendant, Fred B. Woodard, entered into a written contract, by the terms of which William Speck agreed to sell the defendant the above described property for a consideration of $5,000, Woodard to assume a $1,000 mortgage on the premises. Woodard paid $100 in cash, and the remainder of the purchase price was to be paid at stated times thereafter. The re-

mainder of the purchase price was evidenced by a series of promissory notes. It was agreed by the terms of said contract that the above-mentioned notes, together with a good and sufficient warranty deed, executed by Speck, were to be delivered in escrow to the Union National Bank o. Bartlesville, Okla.; that the said bank was authorized to receive and collect for the party of the first part the sums of money mentioned in the promissory notes, and to deliver the canceled notes to Woodard as they were paid, and to deliver to Woodard the warranty deed when all said notes were paid in full.

The contract was in the usual form and contained the following clause:

"* * * And the party of the second part agrees that in the event of his failure to pay or to cause to be paid any of the promissory notes hereinabove described for a period of 60 days, that he will surrender to the party of the first part, peaceable possession of the hereinabove described premises, and the said escrow party, the Union National Bank of Bartlesville, Okla., is hereby authorized to deliver to the party of the first part, the above-described warranty deed, together with all unpaid notes still in its possession at the time of such default, and all payments made prior to the date of such default shall be and remain the property of the party of the first part."

The defendant, Woodard, went into possession of the property, and a short time thereafter defaulted in the payment of the notes executed by him, i. e., the payments were not made according to the terms of the written contract, but it is admitted that numerous payments were made of varying amounts and at irregular dates. These payments, the record discloses, were accepted by William Speck and applied upon the outstanding notes, which after default had been turned over to Speck, together with the warranty deed, by the escrow party. These payments continued along from January, 1921, until December, 1923, a period of practically three years—in fact, up to the time of William Speck's death. No notice was ever given Woodard by William Speck that he was expecting to require and call for the fulfillment of the strict terms of the contract.

The petition was in the usual form, alleging that William Speck died seized of the legal estate in fee simple to the described property; alleging that defendant was in unlawful possession thereof, and praying judgment for immediate possession and for costs. The defendant answered by a general denial. A jury being waived by all parties, the cause was submitted to the court, who, at the conclusion of the evidence, found the issues in favor of the plaintiff and against the defendant; judgment being entered accordingly, motion for new trial was overruled, exceptions taken, notice of appeal given, and the case was lodged in this court for review.

1. Defendant's first proposition, that "any defense, legal or equitable, can be shown in an ejectment action and may be even so shown under a simple general denial", is well taken. James D. Hurst v. Hamlin W. Sawyer, 2 Okla. 470, 37 Pac. 817; Eller v. Noah, 66 Okla. 222, 168 Pac. 819.

2. The evidence in the instant case shows that after default by the defendant in the payment of the notes as agreed, the same, together with the warranty deed executed by William Speck, were turned back to Speck by the escrow party; that Speck permitted the defendant to make such payments as he could, when he could, after the notes had been returned to Speck, and Speck made the proper indorsements thereon: one note for $1,000, due April 1, 1921, showing by indorsements payments covering a period of more than two years. The testimony of the local telephone manager shows that at the request of William Speck, just one week before he died, he sent the telephone manager to Mr. Woodard to pay his, Speck's, telephone bill, which was paid by Mr. Woodard. This payment was credited on the amount Woodard owed Speck. The evidence is that when Woodard had paid Speck sufficient to take up a note, that the same was canceled and turned over to him. Thus, the defendant has paid over $2,000 in cash upon the purchase price, which is almost one-half of it, and practically all of this money was paid after the time when forfeitures could have been declared on account of nonpayment according to contract. In addition the defendant assumed a $1,000 mortgage upon the premises in the contract of sale, and has paid $80 interest thereon.

We are of the opinion that these acts of William Speck conclusively show a waiver of the right to forfeiture and an acquiescence in the delayed payments.

In the case of Croak v. Trentman, 50 Okla. 659, 150 Pac. 1088, the court in the second paragraph of the syllabus held:

"2. Contracts—Breach — Waiver. The right to sue for damages for the breach of a contract may be waived by the party not in default himself, and this usually occurs where such party yields an unqualified acquiescence in the breach."

The rule announced in 6 R. C. L. page 990, in relation to waiver, is as follows:

"The strict performance of a contract may be waived. A person for whose benefit anything is to be done, may if he pleases, dispense with any part of it, or circumstance in the mode of performance. Where he is present to receive performance, whatever is not exacted is considered as waived, or if objection had been made on the grounds of those matters in which the proposed performance was deficient, these might have been supplied at the time, and therefore it is not proper to surprise the party who performed the act, by an objection to the mode of performance, after his vigilance has been disarmed by an apparent acquiescence, for that would be a fraud."

And on page 991, it is said:

"* * * The foundation of this rule undoubtedly is that it would be unfair that a party should receive and keep a part of what he has bargained for and pay nothing for it, because he has not received the whole. The technical reason given is that a covenantee or promisee must be held to have dispensed with the performance of a condition precedent, as such, if, with knowledge that the condition was not being fully performed, he treats the contract as continuing and takes the benefit of a part performance."

Much space is taken up in plaintiff in error's brief in reference to a modification of the written contract by an executed oral agreement. However, we deem it unnecessary to discuss this proposition in view of the holding herein.

There is only one question before us in the instant case, i. e., Whether or not the plaintiff has waived his right to insist upon the forfeiture clause of the written contract. We think the rule as quoted from 6 R. C. L., supra, is decisive of this question. It would certainly be unfair for the vendor in this case to waive his right to insist upon the forfeitures during the early periods of the payments, and after such vendor has thus, by his acts and conduct, led the purchaser to believe that the forfeiture would not be insisted upon, and the purchaser under such impression and belief has continued making payments, for the vendor then, after he has received nearly one-half of the purchase money, under such circumstances, to suddenly stop and declare a forfeiture. It would be most inequitable to permit a vendor so to conduct himself, and would in effect be permitting him to take advantage of his own wrong by gathering in all the money he could from the purchaser, who was led to believe that the forfeiture would not be insisted upon and had made payments under that belief, and then for the vendor to declare a forfeiture, retake the property from the purchaser, and allow such purchaser

nothing for this money which he had so paid as set forth above.

In the case of Friar v. Baldridge, 91 Ark. 133, 120 S. W. 989, the court in the syllabus said:

"Where there has been a breach of a contract of sale of land sufficient to cause a forfeiture, and the party entitled thereto either expressly or by his conduct, waives the forfeiture or acquiesces in the breach, he will be precluded from enforcing the forfeiture.

"When the conduct of a vendor was such as to lead the vendee to believe that he would not insist upon a forfeiture under the contract, he will be held to have waived it."

And in the case of Robinson v. Cheney, 17 Neb. 673, 24 N. W. 378, the court said:

"* * * While in particular cases such forfeitures are sustained, yet they will be denied in all cases where the vendor has directly or indirectly waived the condition on which they depend."

And in the case of Darnhart v. Finney, 40 Mo. 449, 93 Am. Dec. 303, it is stated in the syllabus as follows:

"Forfeitures are not favored in law and when once waived will not be assisted by the court."

The plaintiff relies upon the case of Lonsdale v. Reinhard, 74 Okla. 53, 176 Pac. 924, to sustain the judgment of the trial court. We cannot accept the Lonsdale Case as authority to support the judgment in the instant case. The facts in the two cases are anything but analogous. The only question involved in the Lonsdale Case was whether or not ejectment was the proper remedy for the vendor to obtain possession, where the purchaser had made default in the payments, and the contract also provided that the vendor may declare forfeiture in those circumstances. This court, in that case, believed that the vendor might so recover possession, but in that case there was no question involved as to the acquiescences in the breaches and the waivers of the forfeitures, as is involved in the case at bar. In the Lonsdale Case the clause providing for a forfeiture stood at all times as a valid, binding provision, and no payments of any kind were made by the purchaser after he took possession, whereas in the instant case we are of the opinion that the provision of the written contract for the forfeiture was wiped out, and the vendor lost this right, by reason of the fact that he acquiesced in the breaches and waived the forfeiture by reason of accepting the payments and virtually granting extensions of time.

Under the circumstances of this case, and

the authorities herein cited, we are of the opinion that the plaintiff cannot maintain this action.

For the reasons stated the judgment of the trial court is reversed, and the cause remanded, with directions to render judgment in accordance with the views expressed in this opinion.

By the Court: It is so ordered.

Note.—See under (1) 19 C. J. p. 1073 § 61; p. 1082 § 79; p. 1148 § 178. (2) 39 Cyc. p. 1390.