Alan R. KENISON et ux., Plaintiffs in Error,

v.

D. D. BALDWIN, doing business as Baldwin Construction Company, Defendant in Error.

No. 38634.

Supreme Court of Oklahoma.

April 5, 1960.

Sidney M. Massie, Oklahoma City, for plaintiffs in error.

V. E. Stinchcomb, Oklahoma City, for defendant in error.

PER CURIAM.

The parties herein will be referred to by their trial court designations. The plaintiff, D. D. Baldwin, d/b/a Baldwin Construction Company, brought this action to recover balance due on a building contract for the construction of a residence for the defendants and also for the balance sale price on the lot on which the house was built.

The plaintiff in the first cause of action alleged in substance that the building was constructed according to the terms and conditions of said contract and for an actual cost of $24,825.83, plus $2,000 contractor's overhead and profit, or a total cost of $26,-825.83; that the defendants have paid $23,111.60, leaving $3,714.23, together with interest thereon at the rate of six percent per annum from October 15, 1957, until paid.

In the second cause of action plaintiff alleged that by the terms of the contract the defendant Alan R. Kenison agreed to pay the sum of $5,000 for the purchase price of Lot 24; that he paid the sum of $2,000 on the 16th day of August, 1956, as specified in said contract and agreed to pay the balance, $3,000, on delivery of the deed to said Alan R. Kenison; that the deed was delivered on or about the 11th day of March, 1957, at which time the balance of $3,000 became due and payable.

The Equitable Life Assurance Society was made a party as claiming some interest in the property, but it is not a party to this appeal.

The answer of defendants was a general denial, failure of consideration and specific denial of the execution and contents of the contract pleaded in plaintiff's petition.

Plaintiff testified that he was a general contractor, both residential and commercial, and entered into a written contract to build a house for Kenison as shown by his Exhibits A, B and C, which were introduced in evidence; that the house was completed at a total cost, plus fixed fee, of $26,825.83, and that Kenison had paid on the contract the sum of $23,111.60, leaving a balance due of $3,714.23 on his first cause of action, and that such labor and materials were last furnished October 15, 1957. Kenison moved into the house before it was entirely complete and made two payments of $3,000 each after moving in, the last payment being on August 22, 1957; that during the course of construction there were various alterations made at the suggestion of Kenison, which were made exactly as Kenison wanted them and were all complete when Kenison moved in and accepted the house; that on the contract price for the purchase of the lot, to-wit: $5,000, Kenison had paid $2,000, leaving a balance of $3,000; that he had an arrangement with his father, M. B. Baldwin, whereby his father deeded the lot directly to Kenison on or about March 11, 1957; that Kenison had made no objection to the lot being deeded to him from his father or to the house as to the way it had been constructed; that no complaint was made until he had sent him a final bill.

M. B. Baldwin testified that he was a professional architect and the father of D. D. Baldwin; that he prepared the contract and the plans and specifications at the request of and for Kenison and supervised the building of the house; that the house was built according to plans and specifications, except changes ordered by Kenison, and that the house cost more than it would have if the changes had not been made. He also testified that he disclaimed any interest in the lot deeded to Kenison.

Defendant Kenison admitted the execution of the contract marked plaintiff's Exhibit A, which he had denied under oath in his answer. He stated that he was familiar with the plans and specifications; that there was nothing under the contract that

had not been completed; that he moved into the house July 10, 1957, and the house was completed at that time.

Thereupon the trial judge rendered judgment for Baldwin on his first cause of action against Kenison for a total of $3,364.-43, the full amount established by the evidence to be due and owing, and declared a first and prior lien superior to Equitable with interest at six percent from October 15, 1957, until paid with $450 attorney's fee.

On plaintiff's second cause of action he was granted a vendor's lien for $3,000, subject to the mortgage lien of the Equitable Life Assurance Society of America upon the land, and attorneys fee of $300, with interest at six percent.

The defendants contend that the trial court erred in that the judgment is not supported by the evidence, and that the defendants' motion to suppress the introduction of evidence as to changes in the plans and specifications in the original contract was incorrectly overruled without establishment by the plaintiff of the required writing or complete execution of the contract.

■ This objection goes to the noncompliance of the defendants to a provision in the contract, to-wit:

"The Second Party reserves the right to make any changes in the plans and specifications with the understanding that such changes are to be made in writing."

The defendants then say that the purpose of a writing is to give the builder protection for any additional costs he expended and to give the purchaser opportunity to change his mind. As reflected by the evidence, there were several changes in the plans and specifications which increased the cost of the building; but all the changes were made at the request of Kenison. He could have reduced those changes to writing had he desired to do so. The changes were made by oral request of Kenison; the house was completed, accepted and moved into by Kenison. He

and his wife gave a mortgage on the property to the Equitable Life Assurance Society of America for $10,000. He now tries to avoid payment of the additional cost of the building caused by and made at his request because Baldwin did not require him to put it in writing.

Under the circumstances of this case the contract was changed by an executed oral agreement and all are now bound by such agreement. See 15 O.S.1951 § 237; Davis v. Standard Ins. Co., Okl., 280 P.2d 462 and cited cases.

Defendants next contend that the plaintiff did not perform his part of the contract on the sale of the lot because plaintiff did not personally execute the deed to them as provided in the contract. As already shown, plaintiff made arrangement with his father for the purchase of the lot and had his father deed the lot direct to the defendants. Mr. M. B. Baldwin testified he disclaimed any interest in the lot that he deeded to Kenison. The trial judge at the time told Kenison if he wished he would have M. B. Baldwin file a written disclaimer in the case, but Kenison did not request it.

■■ This contention is without merit. The contention, however, presents the question of whether the defendants waived their right to insist upon the strict compliance with the terms of the contract which provided that the lot should be deeded to the Kenisons directly from D. D. Baldwin rather than from his father, M. B. Baldwin, to them, as was done. The Kenisons clearly accepted the property under the deed as executed and thereby waived their right to insist upon any forfeiture clause of the contract. We think the rule applied in Woodard v. Speck, 117 Okl. 27, 245 P. 630, is applicable herein. Therein in the body of the opinion the rule is stated at page 631 of 245 P. as follows:

"In the case of Croak v. Trentmen, 150 P. 1088, 50 Okl. 659, the court in the second paragraph of the syllabus held:

" '2. Contracts—Breach—Waiver. The right to sue for damages for the breach of a contract may be waived by the party not in default himself, and this usually occurs where such party yields an unqualified acquiescence in the breach.'

"The rule announced in 6 R.C.L. p. 990, in relation to waiver, is as follows:

" 'The strict performance of a contract may be waived. A person for whose benefit anything is to be done, may, if he pleases, dispense with any part of it or circumstance in the mode of performance. Where he is present to receive performance, whatever is not exacted is considered as waived, for, if objection had been made on the ground of those matters in which the proposed performance was deficient, these might have been supplied at the time, and therefore it is not proper to surprise the party who performed the act, by an objection to the mode of performance, after his vigilance has been disarmed by an apparent acquiescence, for that would be a fraud.'

"And on page 991 it is said:

" '* * * The foundation of this rule undoubtedly is that it would be unfair that a party should receive and keep a part of what he has bargained for and pay nothing for it, because he has not received the whole. The technical reason given is that a covenantee or promisee must be held to have dispensed with the performance of a condition precedent, as such, if, with knowledge that the condition was not being fully performed, he treats the contract as continuing and takes the benefit of a part performance.' "

And again in the opinion at page 632 of 245 P. this Court said:

"In the case of Friar v. Baldridge, 120 S.W. 989, 91 Ark. 133, the court in the syllabus said:

" 'Where there has been a breach of a contract of sale of land sufficient to cause a forfeiture, and the party entitled thereto either expressly or by his conduct waives the forfeiture or acquiesces in the breach, he will be precluded from enforcing the forfeiture.

" 'When the conduct of a vendor was such as to lead the vendee to believe that he would not insist upon a forfeiture under the contract, he will be held to have waived it.'

"And in the case of Robinson v. Cheney, 24 N.W. 378, 17 Neb. 673, the court said:

" '* * * While in particular cases such forfeitures are sustained, yet they will be denied in all cases where the vendor has directly or indirectly waived the condition on which they depend.'

"And in the case of Garnhart v. Finney, 40 Mo. 449, 93 Am.Dec. 303, it is stated in the syllabus as follows:

" 'Forfeitures are not favored in law, and when once waived will not be assisted by the court.' "

■ From a thorough examination of the record we find no substantial error.

Affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., HALLEY, JOHNSON, JACKSON, IRWIN, and BERRY, JJ., concur.

WELCH and BLACKBIRD, JJ., concur in result.

The Court acknowledges the aid of Supernumerary Justice CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.