54423. FIREMAN'S FUND INSURANCE COMPANY et al. v. FISCHER & PORTER COMPANY.

DEEN, Presiding Judge.

Code § 23-1705 provides for bonds to be taken by general contractors entering into public construction projects. Code § 23-1708 allows an action for breach by, among others, laborers and materialmen who have a direct relationship with a subcontractor but no contractual relationship with the general contractor, upon "giving written notice to said contractor within 90 days from the day on which such person did or performed the last of the labor, or furnished the last of the material or machinery or equipment for which such claim is made, stating with substantial accuracy the amount claimed

and the name of the party to whom the material was furnished or supplied or for whom the labor was performed or done: Provided, further, that nothing contained herein shall limit the right of action to said 90-day period."

Plaintiff, Fischer & Porter Company, entered into a contract with a subcontractor of Robert McKee, Inc., the general contractor of a public construction project, bonded by appellant Fireman's Fund, to furnish certain instruments for the project, the last of which was shipped February 16, 1973 and billed March 30, 1973. In addition to delivery of equipment the materialman had various duties to perform including (a) a certification within ten days of shipment, that all articles had been bench tested; (b) on 48 hours notice, provide the services of a qualified field technician for supervision, instrument calibration, and instrument servicing on instruments mounted by the subcontractor; (c) on 72 hours notice, provide a service technician to field adjust, calibrate and put all instruments in functional working order.

It appears without dispute that the last materials were furnished February 16 and the last labor on November 1. It also appears that the plaintiff had control of the time of delivering the instruments, but no control over the time when, or whether, its services for final supervision and calibration of the instruments would be furnished. Its notice of nonpayment by the subcontractor was mailed to the general contractor on May 29, informing it that the subcontractor was indebted in the principal sum of $36,083. The sole defense was that the notice to the prime contractor was not mailed within 90 days as required by Code § 23-1708. The judge after a bench trial entered judgment for the sum due in favor of the plaintiff, on the basis that the last labor was not performed until November, and finding specifically that "early notice of demand for payment by the materialman to the prime contractor constitutes effective notice in compliance with Ga. Code § 23-1708 in light of the liberal interpretation to be given this code section." *Held:*

We affirm. It is true that if the 90-day period is held to run from February 16, the May 29 notice was 12 days late. It is also true that the statutory notice is a condition

precedent to the maintenance of an action on the claim. *Porter-Lite Corp. v. Warrenscott Contracting Co.*, 126 Ga. App. 436 (4) (191 SE2d 95). However, as that case also points out, our Code § 23-1708 is substantially in the language of the Miller Act, 40 USCA § 270a, and we should therefore look to the decisions of the federal courts in construing the notice provisions of the acts. The purpose of the Act is the protection of laborers and materialmen. *Bowden v. United States*, 239 F2d 572. Because of this dominant intent "liberal construction of its procedural provisions must be resorted to when necessary to effectuate that purpose." *United States v. Thompson Construction Corp.*, 172 FSupp. 161. In the present case the notice, which is otherwise procedurally accurate, was to the general contractor 102 instead of 90 days after the last shipment of goods was made although within 90 days of the last shipment billing. On the other hand, it was given prior to the last labor which the plaintiff was required to perform under its contract, and to that extent was premature. The plaintiff, however, had no control over when or whether it would be called upon to make the final calibration and inspection and therefore could not have known in advance at what time this would take place. There is precedent for this construction in *United States v. Smith Road Construction Co.*, 227 FSupp. 315, 319 (5), where it was held that a notice to a general contractor was timely as to any material supplied thereafter, "inasmuch as said notice alerted [the contractor] to the fact that its subcontractor was delinquent and that Pool was looking to it for payment and said notice afforded Woods the opportunity to protect itself in making payments to and settling up with its subcontractor." The notice here was timely in that it was within 90 days of the billing date of the last material furnished and prior to the last labor to be performed, and it put the general contractor on notice, prior to settling with its subcontractor, of the default in payment.

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 7, 1977 — DECIDED SEPTEMBER 30, 1977 — REHEARING DENIED OCTOBER 14, 1977 — ■■■■■■■■■

*Smith, Cohen, Ringel, Kohler & Martin, John A. Howard,* for appellants.

*Leslie P. George,* for appellee.