The UNITED STATES of America For The Use of Honeywell, Inc., Plaintiff,

v.

A & L MECHANICAL CONTRACTORS, INC., LeBlanc Construction Company and National Surety Corporation, Defendants.

No. 80–110–CIV–8.

United States District Court, E. D. North Carolina, Wilson Division.

June 8, 1981.

Cecil P. Merritt, Merritt & Gaylor, Goldsboro, N. C., for plaintiff.

J. Larkin Pahl, Smith, Debnam, Hibbert & Pahl, Raleigh, N. C., for A & L Mechanical Contractors, Inc.

Leonard T. Jernigan, Jr., Michaels & Jernigan, Raleigh, N. C., for LeBlanc Const. Corp. and Nat. Sur. Co.

## MEMORANDUM OF DECISION

DUPREE, Chief Judge.

The use plaintiff, Honeywell, Inc., filed this action pursuant to 40 U.S.C. § 270a–e, the "Miller Act," to recover upon a payment bond for materials supplied and services rendered under contract with A & L Mechanical Contractors, Inc.[1] A & L had entered into a subcontract with defendant LeBlanc Construction Company, the prime contractor on a United States government project for the renovation of dormitories at Seymour Johnson Air Force Base in Goldsboro, North Carolina. Pursuant to an agreement with LeBlanc, defendant National Surety Corporation provided a payment bond to cover the project.

The parties have submitted cross-motions for summary judgment and the motions were heard on oral argument on May 15, 1981. The matter is now ripe for ruling.

The primary issue presented by these motions is whether the plaintiff has satisfied the condition precedent to the maintenance

---

1. A & L Contractors, Inc., is in receivership and was dismissed from this action by order of December 23, 1980.

of suit under the Miller Act. Section 270b(a) of the Act affords a subcontractor a right of action on a payment bond notwithstanding a lack of privity of contract with the contractor furnishing the bond *if* the subcontractor complies with the notice provision. prescribed by the statute.[2] The notice requirement has two principal components: timeliness and sufficiency of content.

On the basis of the uncontroverted facts in this case, the court now holds that the plaintiff has failed to comply with the prerequisite notice provision. Therefore, summary judgment will be entered for the defendants.

The parties do not dispute the pertinent facts. The plaintiff entered into a contract with A & L Mechanical Contractors on October 5, 1978, and thereafter proceeded with its obligations under that agreement. On October 26, 1979, and on November 30, 1979, plaintiff notified LeBlanc by registered letter that the plaintiff was an unpaid subcontractor of A & L, and that should the unpaid condition persist plaintiff intended to seek payment in the amount of $31,-083.96 from LeBlanc and its surety, as provided under the Miller Act. Plaintiff also indicated it would discontinue performance unless payment was rendered.

Mr. Alton Barksdale of LeBlanc responded to the plaintiff's letters. On or about December 5, 1979, he contacted Mr. Bill Sims of Honeywell regarding the non-payment. Immediately following this communication, Sims sent Barksdale a copy of an in-house Honeywell memorandum in which he indicated his satisfaction with the current payment schedule arranged with A & L. In a subsequent telephone conversation between Barksdale and Sims regarding the status of the situation, Sims did not renew his complaints of non-payment.

Honeywell completed its work on the project on January 22, 1980. Remaining partially unpaid, Honeywell served a written notice on LeBlanc on May 7, 1980 requesting payment in the amount of $28,-522.54, 105 days after furnishing the last of the materials for which the claim was made. A final notice followed on June 20, 1980.

■ Plaintiff contends that its letters of October and November, 1979, constituted notice under the Miller Act. As stated above, however, a subcontractor must give written notice to the contractor "within ninety days from the date on which [the subcontractor] ... performed the *last* of the labor or furnished ... the *last* of the material for which such claim is made ...." (Emphasis added.) It follows that the applicable ninety-day period began to run on January 22, 1980, and expired on or about April 22, 1980. Thus, the October and November letters were premature.

Plaintiff has offered authority for its position that premature notice may satisfy the Miller Act requirements. *See United States for the Use of Pool Construction Company v. Smith Road Construction Company*, 227 F.Supp. 315 (N.D.Okl.1964); *Fireman's Fund Insurance Company v. Fischer & Porter Company*, 143 Ga.App. 533, 239 S.E.2d 174 (1977). Relying on these cases, plaintiff contends that a liberal construction of the notice provision would effectuate the principal purpose of the Miller Act: the protection of subcontractors.

While recognizing the Miller Act's principal purpose, the Fourth Circuit, nonetheless, has viewed the ninety-day time limit strictly.[3] For example, in *United States for*

2. The statute provides, in pertinent part:
    "That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of

the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed...."

3. Where the applicable ninety-day period could not be determined because of *factual* ambiguities, the Fourth Circuit resolved the ambiguity in favor of the subcontractor. *Noland Compa-*

the use of *DuKane Corporation v. U. S. Fidelity & Guaranty Company*, 422 F.2d 597 (4th Cir. 1970), the court held invalid a notice which was given more than ninety days after delivery of materials for which the claim was made. In an earlier case, the court observed that notice would be late if given and received ninety-one or ninety-two days after delivery of materials for which the claim was made. *United States for the use of Westinghouse Electric Supply Company v. Endebrock-White Company*, 275 F.2d 57 (4th Cir. 1960). The Fifth Circuit also has adhered rigidly to the letter of the statute in the case of premature notice. *See National Union Indemnity Company v. R. O. Davis, Inc.*, 393 F.2d 897 (5th Cir. 1968); *United States for the use and Benefit of Kinlau Sheet Metal Works, Inc. v. Great American Insurance Company*, 537 F.2d 222 (5th Cir. 1976).

In light of the apparent preference of the circuit courts for a literal construction of the ninety-day time limit, plaintiff's argument for a more liberal interpretation must fail. Accordingly, the notices of October and November, 1979, were untimely under the Miller Act.[4]

■ Assuming, arguendo, that the notices were timely, the letters of October and November, 1979, did not satisfy the content component of the Act's notice requirement. As defendants contend, plaintiff was unable to state with "substantial accuracy" the amount claimed. Plaintiff continued to furnish work after the October and November letters for which it expected payment. The amount finally claimed in the May and June letters differed from that stated in the original notices.

■ Finally, even if plaintiff could successfully argue that the October and November notices were timely and sufficient, defendants would prevail on yet another ground. The undisputed facts disclose that after the October and November letters,

defendants took affirmative steps to cure any deficiencies in payment, and thereafter received assurances from plaintiff that the subcontractor was making satisfactory payment. Under those circumstances, it was incumbent upon the plaintiff to reassert its status as an unpaid subcontractor within ninety days after finishing its performance on the project.

It is apparent from the foregoing that plaintiff failed to comply with the condition precedent to suit under the Miller Act. Notice was neither timely nor did it state with substantial accuracy the amount claimed to satisfy the statute's unambiguous requirements.

Accordingly, judgment will be entered for the defendants.

SO ORDERED.

---

ny, Inc. v. Allied Contractors, Inc., 273 F.2d 917 (4th Cir. 1959). That case is inapposite to the instant action.

4. Plaintiff has not argued that the May and June notices satisfied Miller Act requirements. These notices were also untimely and, therefore, invalid.