UNITED STATES of America, for the Use and Benefit of Ray MOODY, Plaintiff–Appellee,

v.

The AMERICAN INSURANCE COMPANY, Defendant–Appellant.

Nos. 85–2792, 86–2042.

United States Court of Appeals, Tenth Circuit.

Dec. 15, 1987.

D.D. Hayes, Bonds, Matthews, Bonds & Hayes, Muskogee, Okl., for defendant-appellant.

Betty Outhier Williams, Robinson, Locke, Gage, Fite & Williams, Muskogee, Okl., for plaintiff-appellee.

Before MOORE, BARRETT and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R.App. 34(a); 10th Cir.R. 34.1.8(c). The cause therefore is ordered submitted without oral argument.

Between 1982 and 1984, the United States government built an Indian Hospital for the Indian Health Services at Tahlequah, Oklahoma. The general contractor on the project was Robert E. McKee, Inc. (contractor), who was bonded, pursuant to the Miller Act, 40 U.S.C. § 270a,[1] by defendant-appellant American Insurance Co. (surety). Contractor subcontracted with Green Country Contractors, Inc., who in turn subcontracted with plaintiff-appellee Ray Moody d/b/a A.T. & C. (subcontractor) to perform the following work:

Ceilings (accoustical and drop-in gyp. bid.), Fireproof beams and Columns, Fireproof ceilings with firecode gyp. bid. Including suspension system. . . .

Rec. vol. I, pleading 1, at 3.

The following is a general summary of the controverted facts. Contractor asked subcontractor to lay between 7,000 and 17,000 square feet of ceiling that were neither drop-in gypsum board nor accoustical board, as specified in the subcontract. Subcontractor alleges that he protested this work soon after the request because he considered it to be work outside the contract. He claims to have first verbally notified an employee of contractor, Everett

Barnes, in April or May of 1983 and then to have given written notice prior to completing the work in February, 1984. The notice stated that he objected to the work because it was additional to the contract and that he expected additional compensation. Subcontractor claims that his protests were met by contractor threatening to forfeit payment for the completed work or to charge him one-hundred dollars per hour unless he did the additional work. After notifying the contractor, subcontractor returned to work until the project was completed in February, 1984.

Contractor maintains that the work was part of the contract because the contract language indicated that subcontractor was required to construct all ceilings. He also claims that he discussed the contract coverage with subcontractor, and that subcontractor did not object to this interpretation of the contract. He further asserts that subcontractor did not notify him that he wanted additional payment for that work until he had completed approximately ninety percent of the non-accoustical and non-drop-in gypsum board ceilings in January, 1984. He also denies threatening subcontractor to force subcontractor to do the alleged additional construction.

Contractor refused to pay subcontractor for the alleged additional work. Subcontractor sued surety for $85,784.77 under the Miller Act, 40 U.S.C. § 270b, alleging nonpayment for supplying labor and materials under his contracts with contractor and Green Country Contractors, Inc. On October 25, 1985, a jury awarded subcontractor $55,426.80 in damages. Subsequently, both parties filed motions for attorney's fees. After a hearing on the issue, the district court denied surety's motion, and awarded attorney's fees of $11,034.00 to subcontractor.

Surety appeals the judgment on several grounds. First, surety asserts that the

---

**1.** 40 U.S.C. § 270a requires a bond to be posted by any person entering a contract for the construction, alteration, or repair of any public building or public work of the United States which exceeds $2,000 in order to act as a surety

to protect "all persons supplying labor and materials in prosecution of the work provided for in said contract for the use of each such person."

notice from subcontractor failed to comply with the procedural requirements of the Miller Act, 40 U.S.C. § 270b,[2] on three grounds: (1) it was not timely because it was sent prior to completion of the work; (2) it was not sent by the proper means because it was sent by regular mail rather than by one of the methods prescribed in the statute; and (3) it did not specify the amount of money owed subcontractor under the contract. Second, surety asserts that the trial court erred by refusing to admit the W–2 forms of subcontractor's employees as evidence relating to subcontractor's credibility. Third, it proposes that subcontractor's claim for extra compensation is prohibited under the contract. Finally, surety argues that the attorney's fees were erroneously granted to subcontractor because such fees are prohibited under the Miller Act.

█ In general, the Miller Act is " 'entitled to a liberal construction and application in order properly to effectuate the Congressional intent to protect those whose labor and materials go into public projects.' " *United States v. Carter,* 353 U.S. 210, 216, 77 S.Ct. 793, 796, 1 L.Ed.2d 776 (1957) (quoting *Clifford F. MacEvoy Co. v. United States,* 322 U.S. 102, 107, 64 S.Ct. 890, 893, 88 L.Ed. 1163 (1944)). The purpose of the notice requirement is to protect the prime contractor by fixing a date beyond which he will not be liable for the subcontractor's debts. *See United States use of Kinlau Sheet Metal Works, Inc. v. Great American Ins. Co.,* 537 F.2d 222, 223 (5th Cir.1976).

Few circuits have addressed the issue of whether notice prior to completion of the contract is sufficient to meet the "ninety-day" requirement of the Miller Act. The Fourth Circuit has recognized that denying claims under the Miller Act on the ground that the notice was insufficient due to delivery prior to completion of the contract would defeat the purpose of the statute. *United States use of Honeywell, Inc. v. A & L Mechanical Contractors, Inc.,* 677 F.2d 383, 385–86 (4th Cir.1982). The Fourth Circuit also has deemed precompletion notice sufficient because the Miller Act "ninety-day" notice requirement is intended merely to extend the final period within which subcontractors can assert a claim against the general contractor and its surety; it is not to preclude notice prior to the completion of supplying labor or materials *Noland Co. v. Allied Contractors, Inc.,* 273 F.2d 917, 920–21 (4th Cir.1959); *cf. United States use of Kinlau Sheet Metal Works, Inc. v. Great American Ins. Co.,* 537 at 224 (recognizing the fact that notice was sent prior to completion of the contract as merely one factor to be considered in determining the sufficiency of the notice).

Similarly, the Supreme Court has stated that the manner of notice specified in the Act is merely "to assure receipt of the notice, not to make the described method mandatory so as to deny right of suit when the required written notice within the specified time had actually been given and received." *Fleisher Engineering & Constr. Co. v. United States,* 311 U.S. 15, 19, 61 S.Ct. 81, 83, 85 L.Ed. 12 (1940); *accord United States use of Miller & Bentley Equip't Co. v. Kelley,* 327 F.2d 590, 591 (9th Cir.1964). Most circuit courts have not deemed a notice insufficient solely on the basis that it was not sent by a means prescribed by the Act. *See, e.g., United States use of Hillsdale Rock Co., Inc. v. Cortelyou & Cole, Inc.,* 581 F.2d 239, 243 (9th Cir.1978); *Liles Constr. Co. v. United States use of Stabler Paint Manufacturing Co., Inc.,* 415 F.2d 889, 891–92 (5th Cir.1969).

Under the Miller Act, a notice is sufficient if it states "with substantial accuracy the amount claimed and the name of the

---

**2.** Section 2 of the Miller Act provides that a person with a direct contractual relationship to the subcontractor, and not with the contractor furnishing the bond, may sue only if: (1) he provides written notice to the contractor within ninety days "from the date on which such person performed the last of the labor or furnished or supplied the last of the material for which such claim is made"; (2) the notice states "with substantial accuracy the amount claimed and the name of the party" to whom the material was supplied or for whom the labor was performed; and (3) such notice is served either by registered mail or in any manner that the United States marshal is authorized by law to serve summons. 40 U.S.C. § 270b.

party to whom the material was furnished or supplied or for whom the labor was done or performed." 40 U.S.C. § 270b. This circuit, as have other circuits, has liberally construed notices as sufficient under the Miller Act where the contractor has actual knowledge of the claim against him, regardless of technical compliance with the statutory requirements. *McWaters & Bartlett v. United States use of Wilson*, 272 F.2d 291, 295 (10th Cir.1959); *see United States use of Hillsdale Rock Co. v. Cortelyou & Cole, Inc.*, 581 F.2d at 243; *United States use of Kelly–Mohrhusen Co. v. Patnode Co.*, 457 F.2d 116, 118 (7th Cir.1972); *see also United States use of John D. Ahern Co., Inc. v. J.F. White Contracting Co.*, 649 F.2d 29, 32 (1st Cir. 1981) (quoting *United States use of Altman v. Young Lumber Co.*, 376 F.Supp. 1290, 1299 (D.S.C.1974)) (stating that the amount at issue is stated with sufficient certainty where a court can determine damages " 'with reasonable certainty and accuracy, without resort to conjecture, guess or speculation' ").

This court may review *de novo* the sufficiency of a notice under the Miller Act. *See, e.g., United States use of Honeywell, Inc. v. A & L Mechanical Contractors, Inc.*, 677 F.2d at 386 (reviewing sufficiency of notice issue *de novo* ). While the Tenth Circuit has never addressed the issues of pre-completion notice or manner of service under the Miller Act, we agree with the trial court's conclusion that the notice was sufficient to meet the three requirements under § 2 of the Act. *See* rec. vol. IV at 533. First, even though subcontractor's notice was given prior to completion of the project, it was timely under the Miller Act. The record indicates that subcontractor gave written notice prior to completion of the project in February, 1984. Rec. vol. II at 70–72, vol. III at 315–17. Second, although the notice was not sent by registered mail, the evidence from the record indicates that the contractor had actual notice. *Id.* Based upon the facts of this case, we hold that the notice was sufficient even though it was not sent by registered mail. *See Fleisher Engineering & Constr. Co. v. United States*, 311 U.S. at 19, 61

S.Ct. at 83. Finally, the contents of the notice appeared sufficient based upon a review of the record. Although notice was given through several documents which individually may not have been sufficient, they were sufficient in combination because the contractor had actual notice of the amount due for the additional work, the party liable for payment and the name of the contractor. *See United States use of San Joaquin Blocklite v. Lloyd E. Tull, Inc.*, 770 F.2d 862, 865 (9th Cir.1985) (finding adequate notice, even though each of two letters sent to surety by subcontractor were independently inadequate, by reading the letters in combination). For the reasons stated, we affirm the trial court's determination that the notice was sufficient under the Miller Act.

Surety further contends that the trial court erred because it failed to admit evidence of W–2 forms from subcontractor's employees which were not listed in the pretrial order. On review, this court may not disturb the trial court's ruling on evidentiary matters absent an abuse of discretion. *Bennett v. Longacre*, 774 F.2d 1024, 1027 (10th Cir.1985). The trial judge excluded the evidence because it should have been disclosed in the pretrial order and introduction of the evidence would not have been "fair." Rec. vol. IV at 429. The trial judge's exclusion of the evidence not included in the pretrial order is within the allowable range of discretion and, therefore, we find no reversible error. *See Trujillo v. Uniroyal Corp.*, 608 F.2d 815, 817 (10th Cir.1979).

Surety further asserts that it is not liable under Oklahoma law for payment due for the additional work because the contract included a clause requiring contract modifications to be in writing. To interpret the meaning of this provision, this court must look to Oklahoma law because the contract was performed in Oklahoma. *See General Beverages, Inc. v. Rogers*, 216 F.2d 413, 417 (10th Cir.1954); *Telex Corp. v. Hamilton*, 576 P.2d 767, 768 (Okla.1978). Under Oklahoma law, "a contract in writing may be altered by a contract in writing or by an executed oral agreement and not otherwise." 15 Okla.Stat.Ann.tit. 15, § 237 (West 1966); *see also Kenison v. Baldwin*,

351 P.2d 307, 309 (Okla.1960). This rule applies even where the contract requires modifications to be in writing. *Flour Mills of America, Inc. v. American Steel Bldg. Co.*, 449 P.2d 861, 877–78 (Okla.1968). An executed oral agreement exists where the owner verbally alters the contract and the contractor subsequently acts at his direction. *Pfeiffer v. Peppers Refining Co.*, 173 P.2d 581, 581 (Okla.1946). In the instant case, evidence in the record supports the conclusion that the contractor requested additions and modifications to the contract and that the subcontractor complied with these requests. Rec. vol. II at 29, 38–40. Consequently, we affirm the jury verdict in favor of subcontractor.

Finally, surety maintains that the trial court erroneously awarded attorney's fees to subcontractor. It asserts that under the Miller Act, attorney's fees are not recoverable in the absence of a provision in the contract between the parties authorizing attorney's fees to the party prevailing in litigation. *See F.D. Rich Co. v. United States use of Industrial Lumber Co., Inc.*, 417 U.S. 116, 126–31, 94 S.Ct. 2157, 2163–66, 40 L.Ed.2d 703 (1974). In its brief, subcontractor concedes this issue. We, therefore, remand the case to the district court with instructions to vacate the order awarding attorney's fees.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.