UNITED STATES for the Use and Benefit of LABORERS' PENSION TRUST FUND—DETROIT AND VICINITY, et al., trust fund established under, and administered pursuant to, federal law, Plaintiffs,

v.

SAFECO INSURANCE COMPANY OF AMERICA, a corporation incorporated under the laws of the State of Michigan, Defendant.

Civ. A. No. 88–71589.

United States District Court, E.D. Michigan, S.D.

Sept. 30, 1988.

Sheldon M. Meizlish, Detroit, Mich., for plaintiffs.

Stuart H. Teger, Robert M. Jackson, Honigman, Miller, Schwartz & Cohn, Detroit, Mich., for defendant.

MEMORANDUM OPINION
AND ORDER

PHILIP PRATT, Chief Judge.

This case is presently before the court on defendant Safeco Insurance Company's motion, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss use-plaintiffs' Laborers' Pension Trust Fund—Detroit and Vicinity, Laborers' Vacation and Holiday Trust Fund—Detroit and Vicinity, and Laborers' Metropolitan Detroit Health and Welfare Fund (hereafter collectively "Funds") claim under the Miller Act, 40 U.S.C. § 270a *et seq.*[1] For the reasons stated below the court grants the motion in part and denies the motion in part.

The Funds' complaint reveals the following undisputed facts. Pursuant to collective bargaining agreements between various locals of the Laborers' union and Kaltz

---

1. Also before the court is the parties' joint motion to submit a supplemental pleading. The motion is granted and the court has considered the brief in ruling on the motion.

Masonry, the Funds were owed contributions for work performed by covered employees of Kaltz. Fairview Construction was the general contractor on a project to repair the U.S. Coast Guard facility in the City of Detroit. Kaltz was a subcontractor on the project. In compliance with the Miller Act, Fairview executed a payment bond with the defendant as surety to protect all persons supplying labor or materials for work on the project.[2] The Funds claim that Kaltz has failed to honor its contractual obligation by neglecting to render the required contributions for work performed under the subcontract between March 4, 1987 and October 27, 1987. This amounts to $26,666.56. The Funds seek recovery from Safeco pursuant to 40 U.S.C. § 270b(b).

■ The Miller Act permits a person who has performed work on a government contract covered by the Act to recover under the performance bond if he or she has not been paid in full. *See* 40 U.S.C. § 270b(a). As remedial legislation, the Miller Act is "entitled to a liberal construction and application in order to properly effectuate the Congressional intent to protect those whose labor and materials go into public projects." *Clifford E. MacEvoy Co. v. U.S. ex rel. Calvin Tompkins Co.*, 322 U.S. 102, 107, 64 S.Ct. 890, 893, 88 L.Ed. 1163 (1944) (Murphy J.) (quoted in *Morrison–Knudsen Co., supra* 687 F.2d at 131). The class of persons entitled to invoke the protections of the Act is limited, however. Section 270b(a) contains a *proviso* which is clearly applicable to the present controversy:

"any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing such

payment bond shall have a right of action upon the said payment bond giving written notice to said contractor within ninety days from the date on which said person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or from whom the labor was done or performed.

"[T]he right to bring suit on a payment bond is limited to ... those materialmen, laborers and subcontractors who, lacking an express or implied contractual relationship with the prime contractor, have direct contractual relationship with a subcontractor and who give the statutory notice of their claims to the prime contractor." *MacEvoy, supra* 322 U.S. at 107–108, 64 S.Ct. at 894; *accord U.S. ex rel. San Joaquin Blocklite v. Lloyd E. Tull, Inc.*, 770 F.2d 862, 865 (9th Cir.1985); *U.S. ex rel. John D. Ahern Co., Inc. v. J.F. White Contracting Co.*, 649 F.2d 29, 31 (1981) (notice requirement "is a strict condition precedent to the existence of any right of action"). "The purpose of notice, which is subsidiary to the Act's main purpose of protecting those whose labor and materials is used, is to protect the general contractor by fixing the date beyond which, absent notice, he will not be liable for the subcontractor's debts." *U.S. ex rel. Kinlau Sheet Metal Works, Inc. v. Great American Insurance Co.*, 537 F.2d 222, 224 n. 1 (5th Cir.1976). The nub of the present controversy is whether the Funds have properly complied with the notice provisions of § 270b.

Though Safeco has moved for dismissal for failure to state a claim upon which relief can be granted, because both parties have introduced and referred to materials

---

2. 40 U.S.C. § 270a provides, in relevant part, that:

Before any contract, exceeding $25,000 in amount, for the construction, or repair of any public building or public work of the United States may be awarded, such person shall furnish to the United States the following bonds, which shall become binding upon the award of the contract to such person ... (2) A payment bond with a surety or sureties satisfactory to such officer for the protection

of all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of said person.
*See U.S. ex rel. Consolidated Pipe and Supply Co. v. Morrison–Knudsen Co., Inc.*, 687 F.2d 129, 131 (6th Cir.1982) (noting that the Act "is designed to provide an alternative remedy to the mechanics' liens ordinarily available on private construction contracts.")

outside the pleadings the motion is considered as one for summary judgment, pursuant to Fed.R.Civ.P. 56. *See* Fed.R.Civ.P. 12(b). Under Rule 56(c) "judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Here the parties are not in dispute over the material facts to the controversy. Both Safeco and the Funds acknowledge that notice of the plaintiffs' claim was sent to both the general contractor and Safeco on April 13 and July 20, 1987. On April 13, 1987 the Funds claimed that Kaltz had defaulted on its obligation but did not specify the amount owed (see ex. A to plaintiffs' response in opposition). In July of that year, the Funds claimed that the subcontractor owed them $14,219.31 for the period of March 6 through May 31, 1987 (see ex. B to plaintiffs' response in opposition). On April 21, 1988, shortly before the present suit was filed, the Funds claimed that Kaltz owed $26,666.56 for work performed between March 4, 1987 and October 27, 1987 (see ex. C to plaintiffs' response in opposition). The Funds claim that work was last performed for Kaltz by the covered employees on October 27, 1987. Safeco avers that work was last performed on September 1, 1987.[3] Notice, then, was provided both before the performance of the final work for Safeco and after that work was completed.

■ The court can only conclude that the April 21, 1988 notice is legally insufficient to preserve the Funds' claim under § 270b. This is because April 21, 1988 is more than ninety days after the completion of work on the Kaltz subcontract under either the plaintiffs' or defendant's version of the facts. The question presented then is whether (and to what extent) the notice afforded before completion of work on the project will fulfill the notice requirements of § 270b. As the parties have indicated the Sixth Circuit has not ruled on this

question and the court of appeals which have are split as to the proper resolution of the issue.

In *Kinlau* the Fifth Circuit held that notice of a claim submitted by a supplier of materials for amounts owed *before completion* of the job by the subcontractor "was premature and could not even be considered as possible notice for that job." 537 F.2d at 224. The *Kinlau* court apparently relied on what it took to be unambiguous language in the *proviso*, for no reasons are given for its construction. Nor is any given in *National Union Indemnity Co. v. R.O. Davis, Inc.*, 393 F.2d 897 (5th Cir.1968) which was relied upon by the *Kinlau* court. In *Dravo Corp. v. Robert B. Kerris, Inc.*, 655 F.2d 503 (3d Cir.1981) the Third Circuit reached the same result in construing the terms of a performance bond issued for work on a private construction contract. The notice provisions of the bond were identical to that contained in § 270b. The *Dravo* court held that "[t]he plain meaning of these terms is that notice must follow the last labor or delivery and that premature notice will not be considered as timely." 655 F.2d at 508–509. The court noted that permitting premature notice to suffice would burden the payor of the bond with the task of monitoring "a multitude of 'possible' claims" under the bond and potentially "frustrate payment arrangements between a subcontractor and its supplier." 655 F.2d at 509. While state law favored the rights of materialmen to collect under such surety bonds, the *Dravo* court concluded that it did not override what it took to be the clear language of the bond. *Id.*[4]

This court does not find that the relevant language of § 270b dictates the result reached in the Fifth Circuit and analogously in the Third. Rather "[t]he statute does not require that the notice be given only after final completion of the project. The notice is timely if given within ninety days after the performance of the last labor or supply of the last material *'for which such claims is made.'* " *U.S. ex rel. Honeywell,*

---

3. This dispute is, as is discussed *infra,* immaterial to resolution of this motion.

4. The Ninth Circuit has also indicated, albeit in *dictum,* that premature notice is insufficient under the Miller Act. *Blocklite, supra* 770 F.2d at 866.

*Inc. v. A & L Mechanical Contractors, Inc.,* 677 F.2d 383, 385 (4th Cir.1982); *accord, U.S. ex rel. Moody v. American Insurance Co.,* 835 F.2d 745, 747 (10th Cir. 1987) (following *Honeywell*). The language of the statute supports the conclusion that notice will be timely if rendered before final completion of the project if made within ninety days of the performance of the last labor that is the basis of the claim. The remedial policies animating the Miller Act support this reading of the statute. Permitting the claimant to preserve a claim on the performance bond by filing a claim before final completion of its work on the project insures that it not be "required to continue work on a prolonged project without progress payments. [The claimant] should be able to assert its right under the Miller Act ... and a defaulting subcontractor is either required to discharge its obligations or get off the job." *Id.* The *Honeywell* court concluded and this court concurs that a contrary result would be a "niggardly" construction of the Act which would defeat its remedial purposes. 677 F.2d at 386.

Applying this rule to the instant case, it is clear that the Funds supplied the requisite notice on July 20, 1987[5] of a claim for $14,219.31 representing contributions owed for covered work performed between March 3, 1987 and May 31, 1987. As July 20th is clearly less than ninety days after the performance of the last labor represented in the claim, Safeco may not obtain summary judgment on this portion of plaintiffs' claim. As was previously noted, the April 21, 1988 notice was insufficient to preserve the Funds' claims under the Act. Summary judgment is granted Safeco on the Funds' claims for work performed after May 31, 1987. In short, the case will proceed only on the Funds' claim for $14,-219.31 for work performed for Kaltz between March 3, 1987 and May 31, 1987.

IT IS SO ORDERED.

---

**5.** Defendant does not contest the sufficiency of    the notice provided.