970 F.2d 1340
 38 Cont.Cas.Fed. (CCH) P 76,362
 PEPPER BURNS INSULATION, INCORPORATED, Plaintiff-Appellee,
and
United States of America, for the Benefit and Use of Pepper
Burns Insulation, Incorporated, Plaintiff,
v.
ARTCO CORPORATION, A Georgia Corporation, Defendant-Appellant,
and
Pyramid Contracting Limited; James P. McClain; Sharon L.
Jelovchan, Defendants.
 No. 91-2178.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 3, 1992.
Decided July 10, 1992.
 
 George Lucus Lewis, Adams, Gardner & Ellis, P.C., Savannah, Ga., argued (Perry Y. Newson, Hafer, Day & Wilson, P.A., Raleigh, N.C., on brief), for defendant-appellant.
 Julie A. Davis, Allen Holt Gwyn, Jr., Patton, Boggs & Blow, Greensboro, N.C., argued, for plaintiff-appellee.
 Before RUSSELL and LUTTIG, Circuit Judges, and SIMONS, Senior District Judge for the District of South Carolina, sitting by designation.
 OPINION
 DONALD RUSSELL, Circuit Judge:
 
 
 1
 This is an appeal from the district court's order granting summary judgment to Pepper Burns Insulation, Inc., a second-tier subcontractor on a federal construction project. Pepper Burns had brought suit against Artco Contracting, Inc., the general contractor on the federal project, to collect under a Miller Act[1] payment bond for work completed but unpaid. Artco moved for summary judgment on the grounds that Pepper Burns failed to meet the statutory prerequisites for maintaining an action. Section 2(a) of the Miller Act requires that notice of a claim be given to the bonded contractor within ninety days of the completion of work. Section 2(b) requires that suit be filed within one year of the completion. We find that Pepper Burns failed to timely give the required notice to Artco. Accordingly, we reverse the district court's order granting Pepper Burns summary judgment and remand for entry of an order dismissing the case against Artco.
 
 I.
 
 2
 The parties do not dispute the facts of this case. In March 1987, Artco received a contract from the U.S. Army Corps of Engineers to construct the SOCOM Operations Complex[2] at Fort Bragg, North Carolina. In accordance with section 1(a) of the Miller Act, 40 U.S.C. § 270a(a), Artco executed a payment bond for the protection of subcontractors and others furnishing labor and/or material to the project.
 
 
 3
 Artco hired Pyramid Contracting, Ltd. as a subcontractor. Pyramid, in turn, hired Pepper Burns as a second-tier subcontractor to install flooring. According to an agreement entered into between Pyramid and Pepper Burns dated June 2, 1987, Pepper Burns was to receive $59,466.00 for its work on the project.
 
 
 4
 Pepper Burns completed its work on July 27, 1989,[3] and submitted invoices to Pyramid for payment. Pyramid paid $40,519.40, leaving a balance due of $18,946.60. No dispute existed between the parties concerning completion of the work or the quality of work or materials supplied. After unsuccessful attempts to collect from Pyramid, Pepper Burns then sought recovery of the unpaid balance from Artco under the payment bond.
 
 
 5
 Section 2(a) of the Miller Act requires that the party seeking recovery on a payment bond "giv[e] written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made...." 40 U.S.C. § 270b(a). Therefore, on October 20, 1989, less than 90 days after July 27, Pepper Burns mailed the required notice to Artco of its claim on the bond. Artco received the notice several days later on October 31. Pepper Burns then filed suit against Artco on July 27, 1990.[4] Artco initially moved to dismiss the case, alleging that Pepper Burns failed to file its complaint within the one year period required by the Miller Act section 2(b). 40 U.S.C. § 270b(b). The district court denied the motion, holding the filing timely under the statute. Pepper Burns then moved for summary judgment. Artco cross-moved for summary judgment on the alternative grounds that Pepper Burns failed to give notice to Artco within ninety days or that Pepper Burns failed to file its complaint within one year. The district court granted summary judgment for Pepper Burns, again holding Pepper Burns' notice and filing timely under section 2 of the Miller Act.
 
 
 6
 Artco appeals the decision, contending that the district court erred in not granting Artco summary judgment.
 
 II.
 
 7
 We consider this case de novo under the familiar standard for reviewing motions for summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
 
 
 8
 Although Artco raises two claims on appeal, we find it necessary only to consider its notice claim in order to dispose of this case. The parties do not dispute that notice was mailed by Pepper Burns on October 20, within the statutory ninety-day period, but not actually received by Artco until October 31, outside the statutory window. Thus, we must decide whether mailing or receipt satisfies the notice requirement of § 270b(a).
 
 Section 270b(a) states in part:
 
 9
 Every person who has furnished labor or material in the prosecution of the work provided for in such [federal] contract, in respect of which a payment bond is furnished under section[ ] 270a ... and who has not been paid in full therefor ..., shall have the right to sue on such payment bond ...: Provided, however, That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made....
 
 
 10
 40 U.S.C. § 270b(a) (emphasis in original). The statute clearly requires timely notice as a condition precedent to the right to maintain suit on a payment bond. Our decision turns on the meaning of "giving written notice." We can then determine if the properly given notice was timely.
 
 
 11
 The issue presented here is one of first impression for our Court. We look to other Miller Act decisions for rules of general construction.[5] Generally, "the Miller Act should receive a liberal construction to effectuate its protective purposes." United States ex rel. Sherman v. Carter, 353 U.S. 210, 216, 77 S.Ct. 793, 796, 1 L.Ed.2d 776 (1957). The Act was intended to protect from non-payment those who furnish labor and materials in federal construction projects. Id. Yet, the authority to construe liberally the provisions of the Miller Act is not the authority to contravene the plain language of the statute. MacEvoy Co. v. United States, 322 U.S. 102, 107, 64 S.Ct. 890, 893, 88 L.Ed. 1163 (1944). Furthermore, we previously exempted from liberal construction the ninety-day limitation on notice provisions. See United States ex rel. Honeywell v. A & L Mechanical Contractors, 677 F.2d 383, 386 (4th Cir.1982); see also United States ex rel. John D. Ahern Co., Inc. v. J.F. White Contracting Co., 649 F.2d 29, 31 (1st Cir.1981) (the ninety-day period is a strict condition precedent); United States ex rel. General Dynamics Corp. v. Home Indemnity Co., 489 F.2d 1004, 1005 (7th Cir.1973) (distinguishing notice requirement from remedial rights of statute, which are to be liberally construed). Although Honeywell concerned a different notice issue, we held that "[s]trict enforcement of [the notice] requirement is necessary...." 677 F.2d at 386.
 
 
 12
 Given its plain meaning, the language "giving written notice to said contractor" requires receipt of the notice by the contractor. Mailing does not fully accomplish the condition to "giv[e] ... notice." Such condition requires that the notice actually be "giv[en]," that is, put in the possession of the contractor. In other words, we hold that the statute's language requires actually notifying the contractor. Had Congress chosen different language, we could have reached another outcome. For example, it seems that a statute providing a right of action "upon written notice" would not impose the same requirements on a subcontractor. In that case, mailing would satisfy the statutory condition. Similarly, a right of action granted "upon mailing written notice" would obviously require only mailing. Thus, the statute's authors could easily have stated its directive as a mailing requirement if that was the desired intent. In fact, the statute later discusses mailing as a permissible method of service,[6] but it does not indicate that mere mailing satisfies the statutory prerequisite to give notice.
 
 
 13
 This construction is consistent with the legislative purpose underlying section 2(a). In Honeywell, we held that the notice provisions of section 2(a) should be strictly enforced in to order to carry out the design of the statute, that is:
 
 
 14
 to give contractors ... ninety days after completion of their work within which to assert a claim against the general contractor and its surety. If it does not do so within that period, the contractor may make final payment to the subcontractor with impunity. It would be quite unfair to the general contractor to expose it to stale claims of which it had no notice during the ninety day period.
 
 
 15
 Honeywell, 677 F.2d at 386. Likewise, our ruling here provides contractors with a date certain after which they are no longer at risk of liability to second-tier subcontractors. Certainty facilitates payments to first-tier subcontractors and closure of the project finances. Any alternative ruling, it seems, could potentially extend liability for an indefinite period of time and thus defeat the purpose of the ninety-day requirement.
 
 
 16
 Having decided that section 2(a) requires receipt of notice by a contractor, the application of the statute to the facts here is a simple matter. The parties agree that the claim notice was not received until October 31, more than ninety days after completion of work by Pepper Burns. Thus, Pepper Burns did not satisfy the statutory prerequisite for filing an action against Artco on the payment bond.
 
 
 17
 Accordingly, we reverse the district court order granting summary judgment to Pepper Burns and remand this case for entry of an order dismissing the case against Artco.
 
 
 18
 REVERSED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 [1]
 40 U.S.C. §§ 270a-270d (1988)
 
 
 [2]
 SOCOM is an acronym for Special Operations Command. The complex serves as a planning center for special military operations
 
 
 [3]
 This is the last day Pepper Burns performed any work for or supplied materials to the project
 
 
 [4]
 Pepper Burns brought suit against Artco, Pyramid and the bond sureties. Neither Pyramid nor the sureties answered the complaint and default judgment was entered against them. Actions against Pyramid were stayed when it filed a Chapter 7 bankruptcy proceeding
 
 
 [5]
 Although other courts have expressed views on this particular question, we find no guidance in their conflicting statements. Only two courts have expressly ruled on the issue. The district court in United States ex rel. Crowe v. Continental Casualty Co., 245 F.Supp. 871, 873 (E.D.La.1965), specifically held that notice mailed on the ninetieth day was sufficient for purposes of the Miller Act. Subsequently, the court for the Eastern District of New York, relying on the Crowe decision, reached the same conclusion. United States ex rel. Lincoln Elec. Prod. Co. v. Greene Elec. Serv., 252 F.Supp. 324, 327 (E.D.N.Y.1966) (mailing notice within the ninety day time period was sufficient), aff'd, 379 F.2d 207 (2d Cir.1967). We do not find the reasoning in those opinions persuasive
 The Second Circuit in dicta expressed an opposing view in an opinion issued shortly before it affirmed Lincoln Electric. See United States ex rel. Gen. Elec. Co. v. H.I. Lewis Constr. Co., 375 F.2d 194, 200 (2d Cir.1967) ("notice, however conveyed, must reach the party ... within the statutory time for its receipt"). Similarly, other district courts, in dicta, have indicated that receipt is necessary to satisfy the Miller Act requirement. See, e.g., United States ex rel. Greenwald-Supon, Inc. v. Gramercy Contractors, Inc., 433 F.Supp. 156, 163 (S.D.N.Y.1977); United States ex rel. Excavation Construction, Inc. v. Glenn-Stewart-Pinckney Builders and Developers, Inc., 388 F.Supp. 289, 296 (D.Del.1975).
 
 
 [6]
 The last sentence of § 270b(a) provides:
 Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelop addressed to the contractor at any place he maintains an office or conducts his business, or his residence....