**United States of America, for the Use of AMERICAN BUILDERS & CONTRACTORS SUPPLY CO., INC., a Texas corporation, Plaintiff,**

v.

**BRADLEY CONSTRUCTION COMPANY, an Illinois corporation, American Casualty Company of Reading, Pennsylvania, a Pennsylvania corporation, and Custom Professional Roofing Services, Inc., an Illinois corporation, Defendants.**

No. 96 C 6814.

United States District Court, N.D. Illinois, Eastern Division.

April 4, 1997.

Daniel J. Flynn, Jordan B. Reich, Kohner, Mann & Kailas, S.C., Milwaukee, WI, Kathleen M. Haggerty, Simpson & Cybak, Chicago, for plaintiff.

Daniel Steven Mathless, Law Office of Daniel S. Mathless, Chicago, for defendants.

### OPINION AND ORDER

NORGLE, District Judge.

Before the court is the motion to dismiss filed by Defendants Bradley Construction Company ("Bradley") and American Casualty Company of Reading, Pennsylvania ("American Casualty"). For the following reasons, the court grants the motion with prejudice.

### I.[1]

The United States General Services Administration ("GSA") hired Bradley to install a new roof for one of the GSA buildings in Chicago, Illinois. Bradley contracted with American Casualty for its surety and with Defendant Custom Professional Roofing Services, Inc. ("Custom") as a subcontractor. Custom then contracted with Plaintiff American Builders & Contractors Supply Company, Inc. ("ABC") to supply the necessary materials.

According to ABC's Complaint, ABC shipped to Custom various roofing supplies on the following dates: October 10, 1995, October 22, 1995, November 22, 1995, and January 11, 1996. In its brief in response to the motion *sub judice*, ABC made a judicial admission [2] that Custom paid for the supplies

---

1. The court is mindful that Federal Rule of Civil Procedure 12 precludes the court from considering materials outside the motion. Fed.R.Civ.P. 12(b)(6). Accordingly, the court strikes the affidavit accompanying the motion, as well as Exhibits A, B, C, and D. Insuper, in deriving the following statement of facts, the court takes all well-pleaded factual allegations, as well as all reasonable inferences which may be drawn from those allegations, as true. *See Stephenson v. Stone*, 21 F.3d 159, 161 (7th Cir.1994); *Triad Assoc. Inc. v. Robinson*, 10 F.3d 492, 495 (7th Cir.1993).

2. On Page Two of ABC's pleading in response to the instant motion, titled "Plaintiff's Response to Bradley and American Casualty's Motion to Dismiss Plaintiff's Complaint," ABC admits, "The January 11, 1996 invoice was paid by Custom on January 19, 1996." Because this statement is a formal concession made in a pleading, it is a judicial admission. *Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 106 F.3d 1388, 1403–04 (7th Cir.1997) ("Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel") (citing *Keller v. United States*, 58 F.3d 1194, 1198 n. 8 (7th Cir.1995)).

sent on the latter date, January 11, 1996, leaving the supplies sent on the former three dates unpaid. On April 1, 1996, ABC served upon Bradley and American Casualty a notice of its bond claim for the unpaid material in the amount of $47,293.70. On ·April 4, 1996, ABC amended the bond notice to show a higher balance due—$70,187.75. Finally, on October 18, 1996, ABC filed the instant lawsuit under the Miller Act, 40 U.S.C. §§ 270a–270d, to collect the unpaid balance. Bradley and American Casualty now move the court to dismiss them as defendants to the Miller Act Complaint for ABC's failure to serve timely notice.

## II.

■ Because ABC supplied materials to Custom, a subcontractor, ABC was a sub-subcontractor. *See J.W. Bateson, Inc. v. United States ex rel. Bd. of Trustees of the Nat'l Auto. Sprinkler Ind. Pension Fund,* 434 U.S. 586, 591, 98 S.Ct. 873, 876, 55 L.Ed.2d 50 (1978). By definition of its status as a sub-subcontractor, ABC did not have contractual privity with Bradley or American Casualty, the general contractor and surety, respectively. As such, ABC could not sue Bradley or American Casualty for breach of contract. Nor could ABC recover its losses under a state law mechanics' lien action; state law lien rights do not attach to material suppliers of a federal project. *F.D. Rich Co., Inc. v. United States for the use of Indus. Lumber Co., Inc.,* 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974). In comes the Miller Act, a statute Congress enacted to protect entities like ABC in similar situations.

■ The Miller Act provides a sub-subcontractor with a vehicle for recovery (from a general contractor's payment bond) of the amount the subcontractor should have paid it for the furnished materials. However, in order for ABC to sue its general contractor and the surety for Custom's failure to pay for the furnished materials used in the federal project, ABC must first give written notice to Bradley and American Casualty of the bond claim. The written notice must be made in accordance with § 270b(a) of the Miller Act, which states in relevant part,

> [A]ny person having direct contractual relationship with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made.

40 U.S.C. § 270b(a).

In support of the instant motion, brought pursuant to Federal Rule of Civil Procedure 12(b)(6), Bradley and American Casualty argue that the ninety day notice period began to run from the date of the last unpaid shipment included within ABC's notice of bond claim. In opposition, ABC contends that the notice period began to run from the date it last furnished materials to Custom, regardless of whether Custom paid for the materials.

■ At the outset, the court is aware that "the Miller Act should receive a liberal construction to effectuate its protective purposes." *United States ex rel. Sherman v. Carter,* 353 U.S. 210, 216, 77 S.Ct. 793, 796–97, 1 L.Ed.2d 776 (1957). But the court is also aware that such "liberality" goes to the remedial provisions of the statute, not the notice provisions. *United States ex rel. General Dynamics Corp. v. Home Indem. Co.,* 489 F.2d 1004, 1005 (7th Cir.1973). Instead, the ninety day notice requirement is a strict "condition precedent." *See id. see also Pepper Burns Insulation, Inc. v. Artco Corp.,* 970 F.2d 1340, 1343 (4th Cir.1992), *United States ex rel. Honeywell v. A & L Mechanical Contractors,* 677 F.2d 383, 386 (4th Cir. 1982), *United States ex rel. John D. Ahern Co., Inc. v. J.F. White Contracting Co.,* 649 F.2d 29, 31 (1st Cir.1981). Thus, were the court to find that ABC did not serve timely

---

*See also In re Lefkas Gen. Partners,* 153 B.R. 804 (N.D.Ill.1993) (binding judicial admissions are "any 'deliberate, clear and unequivocal' statement, either written or oral, made in the course of judicial proceedings. "). This judicial admis-

sion is conclusive and may not be controverted at trial or on appeal. "Indeed, '[judicial admissions] are not evidence at all but rather have the effect of withdrawing a fact from contention.'" *Keller,* 58 F.3d at 1198 n. 8.

notice of its bond claim, the Miller Act would compel it to dismiss the case as against the general contractor and the surety for ABC's failure to satisfy a requisite condition. As will be discussed below, that is exactly what the court finds.

The parties agree that the United States Court of Appeals for the Seventh Circuit has not spoken on the instant issue. However, though unaided by superior court guidance, the court need look no further than the plain language of the statute for relevant dispositive authority.

### A. Plain Reading of the Statute

■ Section 270b of the Miller Act "does not require that . . . notice be given [to Bradley and American Casualty] only after final completion of the project." *A & L Mechanical*, 677 F.2d at 385. Moreover, the applicable section, § 270b(a), does not include the language found in another section of the statute, § 270b(b), which states, "no suit shall be commenced [under this section] after the expiration of one year **after the day on which the last of the . . . material was supplied. . . .**" 40 U.S.C. § 270b(b) (emphasis added). Rather, § 270b(a) required ABC to give to Bradley and American Casualty notice of its claim "within ninety days from the date on which such person . . . furnished or supplied the last of the material **for which said claim is made.**" 40 U.S.C. § 270b(a) (emphasis added). "Where [—as here—] a statute with respect to one subject contains a given provision, the omission of such provision from a similar statute is significant to show a different intention existed." *General Elec. Co. v. Southern Constr. Co. Inc.*, 383 F.2d 135 (5th Cir.1967). *See also Taracorp, Inc. v. NL Indus., Inc.*, 73 F.3d 738, 744 (7th Cir.1996) ("This principle of contract interpretation parallels the principle that we use when interpreting statutes to determine the intent of legislatures: we assume that the same words [sic] have the same meaning in a given act and that the choice of substantially different words to address analogous issues signifies a different approach"). Here, §§ 270b(a) & 270b(b) use different words to define the notice and filing periods, respectively. In turn, the court

must conclude that Congress intended the "triggering dates" for the notice period and the lawsuit limitations period to be different as well. *General Elec.*, 383 F.2d at 138, 138 n. 4.

■ A plain reading of the applicable § 270b(a) statutory language begs two questions: (1) For which material did ABC send its general contractor notice?; and (2) When was the last of that material supplied? The answers to both questions are found in the Complaint and the pleadings.

Regarding Question One, ABC's Complaint reveals that its claim to Bradley and American Casualty related to the materials supplied to Custom on three different dates. As conceded by ABC, the claim did not relate to the material supplied by ABC to Custom on January 11, 1996, because Custom paid for that material eight days after delivery. Instead, the Complaint makes clear that the notice to ABC, and this lawsuit, only involves the material supplied on October 10, 1995, October 22, 1995, and November 22, 1995. The answer to Question Two follows from the answer to Question One: obviously, ABC supplied Custom with the last of the "claimed-for" materials (included within the notice to Bradley and American Casualty) on November 22, 1995, the latter-most delivery date.

Placing the above two answers into the § 270b(a) equation, the court computes the notice period as follows: The ninety-day notice period began to run from November 22, 1995, the "date on which [ABC] . . . supplied the last of the material for which [the instant] claim [—which is the subject of this lawsuit—] is made." 40 U.S.C. § 270b(a). Therefore, ABC should have sent Bradley and American Casualty notice of its claim by February 20, 1996.

Here, though, ABC did not serve such notice of its bond claim until April 1996. Thus, the notice was untimely, and dooms the Complaint as it relates to Bradley and American Casualty. Accordingly, the court finds that ABC has not met the notice requirement established by Congress, and dismisses Bradley and American Casualty as party defendants.

### B. Additional Persuasive Case Law From Other Circuits

■ Though the court needs no further authority other than the plain language and unequivocal direction of the Miller Act, the court is aware of persuasive authority in support of its finding *supra*. In *United States for the use of DuKane Corp. v. United States Fidelity & Guar. Co.*, 422 F.2d 597 (4th Cir.1970), the litigants presented a similar scenario to the United States Court of Appeals for the Fourth Circuit, and the Fourth Circuit made a similar dispositive finding. In *DuKane*, the sub-subcontractor gave the general contractor of a federal project notice of unpaid materials it furnished on December 29, 1965. The notice was not given until May 6, 1966, much more than ninety days after December 29, 1965. The Fourth Circuit held, "It is true that certain materials were furnished by DuKane on February 8, 1966, and March 4, 1966, but both of these orders were C.O.D., were paid for on delivery, and, therefore, *were not part of the materials for which [the] claim is made within the terms and provisions of the Miller Act.*" *Id.* at 600 (emphasis added). The appellate court went on to find that the ninety day notice period began to run on the date of the last unpaid shipment, and that subsequent paid-for shipments did not result in a tolling of the ninety day time period. *Id.* The United States Courts of Appeals for the Fifth and Tenth Circuits agreed with the Fourth Circuit in *Harris Paint Co. v. Seaboard Surety Co.*, 437 F.2d 37 (5th Cir.1971) and *United States for the use of Olmsted Elec., Inc. v. Neosho Constr. Co., Inc.*, 599 F.2d 930 (10th Cir.1979). As such, the Fourth, Fifth, and Tenth Circuits concur with this court's holding.

The cases to which ABC cites for the proposition "that a subsequent shipment of materials can toll the 90 day time requirements if the material were supplied as part of the original contract and were necessary for completion of the job," *United States for the use of Georgia Elec. Supply v. U.S. Fidelity & Guar. Co.*, 656 F.2d 993 (5th Cir. 1981), *Austin v. Western Elec. Co.*, 337 F.2d 568 (9th Cir.1964), and *United States ex rel. General Elec. Co. v. Gunnar I. Johnson & Son, Inc.*, 310 F.2d 899 (8th Cir.1963), are easily distinguishable. Those cases involved subsequent unpaid shipments. However, here, the January 11, 1996 was a paid shipment and, as noted in the discussion *supra*, paid shipments do not extend the ninety time period. The court notes that the November 22, 1995, unpaid shipment did, however, toll the ninety day notice period as to the October 11, 1995, and October 22, 1995, unpaid shipments (to ABC's benefit).

■ Finally, the court addresses what ABC intimates is an inequitable result of a strict enforcement of the notice requirement. ABC contends that under "the *DuKane* analysis," which the court adopts by the issuance of this Opinion and Order, "a debtor can simply pay off all the shipments which are within 90 days due, thus precluding bond recovery on shipments which are over 90 days past due." The court, Congress (by the passage of § 270b(a)), and the Tenth Circuit agree with ABC—assuming that the furnisher of materials neglected to give timely notice of a bond claim regarding the shipments over ninety days past due. In fact, the Tenth Circuit rejected that very argument in *Olmsted Elec.*, 599 F.2d at 930 ("the trial court reasoned that it was unfair to allow [the Miller Act defendant] 'to wipe out an entire year's worth of Miller Act claims simply by paying the tab' on [a subsequent] delivery"), by noting that the Miller Act defendant did not, in any way, mislead, deceive or manipulate the plaintiff "to defeat the Miller Act claim." *Id.* The court reminds ABC that notwithstanding the untimely notice, the debtor, Custom, remains contractually liable for the past due payments. ABC still may recover the balance due, but may not derive that recovery from the surety bond.

### C. Other Persuasive Authority

In addition to the above case law, two publications support the court's finding. To wit, the *American Jurisprudence 2d* states, "The time period [for serving the Miller Act notice] is measured from the last date on which *unpaid-for* materials were delivered...." 17 Am.Jur.2d *Contractor's Bonds* § 258 (1990) (emphasis added). Further,

Chapter Seven of the Illinois Institute of Continuing Legal Education's book on Illinois Mechanics' Liens, which is titled "Bond Claims: Public and Private," states,

> Before commencing [a Miller Act] action, any sub-subcontractor or materialman having no contractual relationship with the contractor must give notice to the contractor within 90 days of the last furnishing of labor or materials for which he had not been paid.

Illinois Mechanics' Liens, *§ 7.25 at 7–27 (emphasis added). That same chapter notes the differences between measuring the § 270b(a) notice deadline and the § 270b(b) lawsuit deadline.* Id. § 7.24.

### D. Conclusion

As already stated, a plain reading of the Miller Act reveals that ABC should have given Bradley and American Casualty notice of its bond claim within ninety days of the last unpaid shipment of materials. Because ABC did not do so, it may not sue Bradley and American Casualty under the Miller Act. Yet, ABC is not left without a legal remedy. As discussed above, ABC may still sue the party with whom it contracted for the sale of materials: ABC may sue Custom for the alleged breach of contract. Nevertheless, Bradley and American Casualty shall not be parties to the instant lawsuit from this date forward.

### III.

Because the court dismisses Bradley and American Casualty, the general contractor and surety, respectively, the court thus lacks jurisdiction under the Miller Act, 40 U.S.C. §§ 270a—270d. However, Custom remains a defendant to the action. According to the Complaint, Custom is an Illinois resident, ABC is a resident of both Texas and Wisconsin, and the amount in controversy is $70,-187.75. Thus, the court has diversity jurisdiction over the remaining state law breach of contract claim, according to 28 U.S.C. § 1332 as it existed in September 19, 1996, the date ABC filed the Complaint. (Congress subsequently amended the amount in controversy requirement to $75,000, effective January 17, 1997.) ABC has leave to amend its Complaint to so reflect.

### IV.

In sum, ABC argues that a strict application of the Miller Act notice requirements is unfair. That may be, but the court is without authority to except ABC from the strict condition precedent found within a statute authored by Congress. This court, as a member of the judicial branch of government, may not amend the Miller Act to be "fair" as perceived by ABC. Instead, this court must interpret the plain language of the statute and apply it to the cases before it. Here, the statute requires a timely notice of claim. ABC did not serve timely notice. Applying the statute to that incontrovertible fact, the court dismisses Bradley and American Casualty as defendants to this case. Such dismissal is with prejudice. The court clerk shall enter judgment in favor of Bradley and American Casualty and against ABC.

IT IS SO ORDERED.